The STATE of Texas et al., Appellants,

v.

J. M. SPARKS, Appellee.

No. 3263.

Court of Civil Appeals of Texas.

Eastland.

Nov. 23, 1956.

**610**

Will D. Davis, Asst. Atty. Gen., for appellants.

Jackson & Jackson, Baird, for appellee.

COLLINGS, Justice.

This case was brought by J. M. Sparks against the State of Texas and the State Highway Department for damages alleged to have been caused to plaintiff's property by reason of inadequate construction and improper maintenance of Farm to Market Road 880. The road runs along the west boundary line of plaintiff's farm. Plaintiff's petition contained allegations that improper and inadequate construction and maintenance of said road by the State Highway Department and negligent maintenance on the part of its servants, agents and employees were the causes of the damage to his property.

Plaintiff alleged that on August 18, 1953, a three to four inch rain fell in the community in which his farm was situated; that such a rain was not an abnormal one, but was of a type which could be expected on some occasions; that there was a culvert or bridge across Cottonwood Creek on Highway 880 about a mile north of plaintiff's farmhouse and a culvert thereon just west of his premises, both of which were a part of the drainage area of his farm; that the culverts were inadequate and that by reason of such inadequacy and negligent maintenance water from the rain was caused to be backed up and impounded on and around plaintiff's premises, including his house and well which were situated just east of the culvert located on the west side of plaintiff's farm; that said culvert was too small to carry normal rainfall drainage and was also partially stopped up by reason of negligent maintenance by defendants' agents and employees; that due to the improper conditions of both culverts water was impounded and backed up over plaintiff's premises, covering all of the area where plaintiff resided and resulted in the damage complained of.

The defendants filed a plea in abatement to plaintiff's petition alleging that it showed on its face that his cause of action was based upon tort, negligence and improper conduct on the part of the agents and employees of the State Highway Department, and as a matter of law the State of Texas was not liable. The plaintiff, J. M. Sparks, then filed a first supplemental petition in which he alleged generally that his private property had, in effect, been taken and converted to a public use by the defendants by inadequate construction and maintenance of culverts and ditches on Farm to Market Highway No. 880.

The case was tried before a jury which found in answer to special issues submitted that J. M. Sparks did suffer damages to his property as a result of a rain on August 18, 1953, and that the sole proximate cause of such damage was the construction of Highway No. 880 in such manner as to impound flood waters on plaintiff's farm. The jury further found that the damage suffered by the plaintiff was not caused by an act of God and not caused or brought about by a person, or persons, other than the defendants. Based upon these jury findings a judgment was rendered against the defendants for the damages found in the sum of $1,750. The defendants have appealed.

Appellants urge that the court erred in overruling their plea in abatement to appellee's pleadings. They assert that appellee's original petition and first supple-

mental petition show on their face that appellee's alleged cause of action consisted "wholly of misfeasance, malfeasance or nonfeasance" of the agents or employees of the State, and that as a matter of law the State is not liable for the negligence of its employees. Appellants complaint against appellee's pleadings is well taken insofar as such pleadings allege and seek damages for negligent and tortious action on the part of the agents and employees of the State. In the absence of constitutional or statutory provisions the State is not liable for the torts of its officers and agents. Harris County v. Gerhart, 115 Tex. 449, 283 S.W. 139.

The State is liable, however, for the taking, damaging or destruction of private property for public use. Art. 1, § 17, Texas Constitution, Vernon's Ann.St. In the case of State v. Hale, 136 Tex. 29, 146 S.W.2d 731, 736, Judge Sharp, speaking for our Supreme Court, stated as follows:

"The true test is, did the State intentionally perform certain acts in the exercise of its lawful authority to construct such highway for public use which resulted in the taking or damaging of plaintiff's property, and which acts were the proximate cause of the taking or damaging of such property."

"The liability of the State under Section 17 of Article 1, supra, for taking, damaging, or destroying private property for public use, where the authority is properly exercised, should not be confused with the claim for damages caused by the negligent acts or wrongs committed by its agents or officers. In the first class of cases the taking or damaging of such property is done for the State in the exercise of lawful authority. The right to exercise this authority, and the command to adequately compensate the owner for such property, are expressly provided in the section of the Constitution above quoted. In other words, where the State has exercised its lawful authority to take or damage private property for the construction of a public highway, it has the power to carry out its plans related to such highway and compensate the owner of such property for the damages which proximately resulted from the construction of such highway."

Appellee alleged in his first supplemental petition that his property was taken for public use. Although his pleadings were subject to exception because of other allegations sounding in tort, he was entitled to recover for any taking, damage or destruction of his property for public use. Appellee alleged and sought recovery for such damages. His suit was therefore not subject to abatement, and the court did not err in overruling appellants' plea.

Appellants contend that the evidence presented and relied upon by appellee Sparks shows a claim sounding solely in negligence on the part of the agents and employees of the State of Texas, for which the State was not liable. The basis of the judgment was not a finding of negligence on the part of appellants' employees but was the jury finding under Special Issue No. 2 that the proximate cause of the damage to appellee's property was the construction of Highway 880 in such manner as to impound the flood waters in question on his farm. Appellants urge in their second point that there was no evidence to support the finding in answer to Special Issue No. 2, or, in the alternative, that the finding was against the overwhelming weight and preponderance of the evidence. In answer to Special Issue No. 4 the jury found that appellee's damages, if any, were not caused by a person or persons other than appellants. It is urged in appellants' third point that there was no evidence to support this finding, or, in the alternative, that such finding was against the overwhelming weight and preponderance of the

evidence. Appellants contend that the court, therefore, erred in overruling their motion for a new trial.

The following is a substantial reproduction of a map introduced as plaintiff's Exhibit A.

The following facts as shown by the evidence are material to a determination of the above points. Appellee Sparks' farm in Callahan County is located on the east side of Farm to Market Road 880, north of Cottonwood, Texas. The road runs approximately north and south. Appellee's house and improvements are situated on the west edge of his farm and on the east side of said road. About one-half of a mile north of appellee's house, Road 880 crosses Cottonwood Creek and at such crossing there is a structure known as Cottonwood Creek bridge. This bridge is one of the structures referred to in appellee's pleadings as a culvert. There is also a culvert passing under Road 880 almost immediately in front of appellee's house, which is smaller than the above mentioned bridge. West of appellee's farm and across Road 880, between the bridge and culvert, there is a terraced field and several "spreader dams". On the south side of this field and almost directly across Road 880 from appellee's house there is a private, graded road which runs east and west and exits onto Road 880. This road has ditches cut on both sides of it.

Between appellee's house and the Cottonwood Creek bridge, just south of the bridge, there is a natural divide or ridge which crosses Farm to Market Road 880. The field west of and across Road 880 from appellee's farm and south of the ridge, lies in such manner that surface water will flow from south and east toward Road 880 and appellee's farm.

The natural drainage on Road 880 between the Cottonwood Creek bridge and appellee's house is such that the ditch on the east side of the road will drain from the divide or ridge, above mentioned, south toward appellee's house and then pass through the culvert in front of appellee's house to the west side of the road into the west ditch and then continue in a southerly direction. The west ditch also slopes in a southerly direction from the divide or ridge and had prior to August 18, 1953 adequately carried the water draining from that side

of Road 880 and from the field west of the Road. The water carried in the west ditch then normally passed by the culvert in front of appellee's house and continued on down the west side of the road.

Farm to Market Road 880 was originally a County highway, and the bridge and culvert in question were constructed by the WPA. During 1952 the State of Texas accepted the road and designated it as Farm to Market Road 880. The course of the road was not altered by the State Highway Department, but the surface of the road along appellee's farm was raised five-tenths of a foot, except at a point immediately in front of appellee's house where the culvert is situated. At that point the surface of the road was raised one and seven-tenths feet. This raise in the elevation of the road was considered by the department to be necessary to guard against drainage from the fields west of Road 880. When the road was taken over by the Highway Department, there were no ditches. The department thereafter added ditches on both sides of the road to a depth of eighteen inches below the surface of the road. The bridge and the culvert in question were not altered.

As contended by appellants appellee Sparks did introduce evidence and testify to facts tending to show that the cause of the flooding of his property was that the bridge, the culvert and the ditches on Road 880 had been negligently maintained; that they had become congested and stopped up with dirt, mud and silt, and had grown up with weeds and grass. However, there was also evidence to the effect that Sparks' damage was caused by the manner of the construction of Farm to Market Road 880 as will be hereinafter pointed out.

Witnesses for appellants denied any negligent maintenance on the part of the State Highway Department employees, or that there was any defect in the manner of the construction of the road. They testified to facts tending to show that the flooding of appellee's property was due solely to an

unprecedented heavy rainfall in a short period of time together with the breaking of spreader dams in the field West of Road 880, thereby causing the drainage ditches to overflow across the road from the West and on appellee's property.

There is a conflict in the evidence concerning the amount of rain which fell in the area at the time in question, and the amount of flood water which resulted. Appellee Sparks testified that about three and one-half or four inches of rain fell, and that during the many years that he had lived on his farm he had seen much larger rains. Other witnesses for appellee testified to substantially the same effect. In this connection, Mr. Sparks testified that on many previous occasions when heavy rains came three water gaps on Cottonwood Creek, West of his house, had been washed out, but that these gaps were not washed out by the rain of August 18, 1953, when his house and premises were flooded. He testified that on none of these prior occasions, when there had been larger rains and more flood water, had his house and premises been flooded as on August 18, 1953.

Unquestionably the state highway department had lawful authority to construct such ditches as it deemed advisable and proper for the drainage of highways under its control and supervision. The construction of such ditches is within the scope of its lawful authority and the state is liable for any damages proximately resulting therefrom. City of Houston v. Wall, Tex.Civ.App., 207 S.W.2d 664, N.R.E.; Harris County v. Gerhart, 115 Tex. 449, 283 S.W. 139; El Paso County v. Elam, Tex.Civ.App., 106 S.W.2d 393.

It is undisputed that the state accepted the road in question during the year 1952 and designated it as Farm to Market Road 880. Thereafter the highway department as it had authority to do added ditches of 18 inches in depth on both sides of Highway 880 in the vicinity of appellee's farm,

including the West ditch at the point of the ridge or divide. We overrule appellants' contention that there was no showing that the acts complained of and alleged to have been committed by the agents and employees of the State of Texas and Texas Highway Department were done within the scope of their employment. Appellants admit the digging of the ditches. The highway department had authority to dig the ditches and the employees of the department in doing this were within the scope of their employment.

The evidence shows that before the cutting of the West ditch at the divide water would flow from that point North to the Cottonwood Creek bridge, but after the cutting of the ditch water from North of the divide and from Cottonwood Creek itself would flow south through the ditch and across the divide; that appellee Sparks had resided on his farm for about 30 years and had seen many larger rains which caused more flood water in Cottonwood Creek than the rain of August 18, 1953, and that on none of these prior occasions had his premises been flooded and damaged. The evidence also shows that after the rain of August 18, 1953, and the resulting damage to appellee's premises the Highway Department filled or plugged the West ditch of Road 880 at the point of the ridge or divide; that since that time water flows from the divide back North toward Cottonwood Creek as it did before the ditch was cut and he has had no further damage to his property. The evidence justifies the conclusion that on August 18, 1953, flood water from North of the divide, including water from Cottonwood Creek, flowed South through the West ditch, passed the divide and joined flood waters normally carried by that ditch South of the divide; that the additional water from North of the divide created such a large volume in the West ditch South of the divide that it flowed over the highway and into the East ditch; that this water coming over the highway into the East ditch, together with the water naturally carried by that

ditch, was more than the culvert in front of appellee's house could carry and such water was thereby caused to be backed up and impounded on the appellee's premises. Although appellee Sparks himself testified that this culvert was, because of the negligence of appellants' employees, obstructed and clogged up, thereby preventing water from passing through such culvert, there was evidence that this culvert was open and unobstructed. Witnesses for appellants so testified. The evidence therefore justifies the conclusion that the ditches and culverts on Highway 880 would have carried the flood waters resulting from the rain on August 18, 1953, which fell on the drainage area south of the divide without flood damage to appellee as had been the case for many years prior thereto, before the deepening of the West ditch of the divide. . The evidence justifies the conclusion that the cause of appellee's damage was the additional water which flowed South from the North side of the divide including waters from Cottonwood Creek across the divide because of the 18 inch ditch which the highway department constructed at the point of the divide or ridge.

 This evidence, in our opinion, supports the findings that the proximate cause of the damage to appellee's property was the construction of Highway 880, to wit: the cutting of the 18 inch ditch at the point of the divide, in such manner as to cause flood waters to be impounded on his farm, and supports the finding that such damage was not caused or brought about by a person or persons other than appellants. There was considerable evidence which is inconsistent with and contrary to these findings and to the evidence which supports them. Such conflicting evidence tended to show that the damage suffered by appellee Sparks was caused by an unprecedented heavy rainfall in a short time, together with the breaking of the "spreader dams" constructed by the owners of the field West of Highway 880. We cannot agree, however, with appellants' contention that the findings of the jury are against the great

weight and preponderance of the evidence. There was ample evidence supporting both appellee's and appellants' theory of the case as it was submitted to the jury. The issues of fact presented by this conflicting evidence which was open to diverse inferences presented a fact issue for jury determination. 41b Texas Jurisprudence 199. Appellants' second and third points are overruled.

We have carefully examined the record and find no reversible error. The judgment of the trial court is affirmed.