v. State, 11 Tex.App. 520; and Morrow v. State, 86 Tex.Cr.R. 354, 216 S.W. 1100.

The judgment is reversed and the cause ordered dismissed.

Opinion approved by the Court.

WOODLEY, P. J., absent.

CITY OF ABILENE, Appellant,

v.

William L. BAILEY et al., Appellees.

No. 3612.

Court of Civil Appeals of Texas.

Eastland.

March 24, 1961.

Rehearing Denied May 5, 1961

Eplen, Daniel & Hooper, Abilene, for appellant.

Brooks & Fergus, Abilene, for appellees.

GRISSOM, Chief Justice.

William L. Bailey and others, who own a farm adjacent to the City of Abilene's

sewage disposal plant, sued the city for damages caused by obnoxious odors and insects coming from said plant onto their farm and causing a depreciation in its market value. Plaintiffs alleged that the city, in March, 1959, built a sewage disposal plant on a tract of land separated from plaintiffs' 237.4 acre stock farm, where they resided, by only a 50 foot county road and proceeded to discharge the city's sewage upon its land, producing the results stated and causing a diminution in the value of plaintiffs' farm.

The city excepted to plaintiffs' petition because it showed the city was engaged in a governmental function in operating its sewage plant, for which reason it was not liable; that the petition contained no allegations that defendant's plant was a nuisance, or that the city was guilty of negligence, or that it operated its disposal plant in an unreasonable manner. The city answered to the effect that before it constructed said plant it submitted its plans to the State Department of Health, which approved them; that in building and operating the plant it acted as an agent and arm of the State in performance of a duty imposed on it by law and that it was exercising a governmental function for the protection of the health of the public; that its plant was operated under the supervision of a sewage plant operator who held a certificate of competency from the State Department of Health; that before it built the plant its City Manager consulted the State Department of Health; that it employed a recognized firm of engineers, who were qualified to build said plant and that it was built under the supervision and in accord with the plans and specifications approved by the State Department of Health.

A jury found that (1) the city's sewage disposal operation caused objectionable matter, such as noxious fumes, odors or insects, to come upon plaintiffs' farm; that (2) such odors, etc., caused a depreciation in the market value of plaintiffs' farm; that (3) the damage is permanent; that (4) immediately prior to the beginning of

such depreciation plaintiffs' farm had a reasonable market value of $62,125 and (5) that immediately after completion of such depreciation, it had a value of $33,500. The court rendered judgment for the depreciation so found. The city has appealed.

The city contends, among other things, that (1) the court erred in failing to hold that the city, in constructing and maintaining its plant in compliance with the law and with the approval of the State Department of Health, was engaged in a governmental function and, therefore, not liable to plaintiffs; (2) that the court erred in failing to hold that plaintiffs could not recover because they did not allege, prove and obtain a jury finding that the city was guilty of negligence; (3) that the court erred in refusing to hold that plaintiffs could not recover because they failed to allege, prove and obtain a finding that the city operated its plant in an unreasonable manner, so as to unnecessarily injure plaintiffs' land, and that the court erred in rendering judgment for plaintiffs because they failed to allege, prove and obtain a finding that the city operated its plant in such a manner as to constitute a nuisance.

■ Article 1, Section 17, of the Constitution of Texas, Vernon's Ann.St., provides that no person's property shall be damaged, or applied to public use, without adequate compensation being paid. In Brewster v. City of Forney, Tex.Com. App., 223 S.W. 175, it was held that a city was responsible for damages to land arising out of the erection and operation of a sewage disposal plant. It said that if such plant could not be constructed and operated, regardless of the necessity therefor, without injury to the property of a citizen, the city must stand the loss and that it is bound to compensate the citizen for the damages suffered. In that case a jury found that sewage collected near plaintiff's home; that offensive odors arose by reason of the operation of the system; that, though the plant was properly constructed and operated, stagnant water at the plant gen-

erated mosquitoes and drew files to plaintiff's residence; that conditions created by the city's plant made plaintiff's place undesirable as a residence and less valuable. The court held the city was liable for damages. Both the Commission and the Supreme Court said that the jury had found facts which established that the operation of the city's plant was a nuisance. It is contended, and properly so, that when this decision was made our Supreme Court had held that a city engaged in disposition of sewage was performing a proprietary function, while it now holds that same is a governmental function. Nevertheless, we think a city is liable for damage to land, thus inflicted, by virtue of Article 1, Section 17, of the Constitution of Texas, even though it is engaged in a governmental function. State v. Hale, 136 Tex. 29, 146 S.W.2d 731, 736; 38 Am.Jur. 265, 277; City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.2d 57, 60; Hidalgo County Water Improvement Dist. No. 2 v. Holderbaum, Tex.Com.App., 11 S.W.2d 506, 507; City of Austin v. Howard, Tex.Civ.App., 158 S.W.2d 556, 564 (Ref.W.M.); 63 C.J.S. Municipal Corporation §§ 1219, 1235, pp. 964, 976; State v. Sparks, Tex.Civ.App., 296 S.W.2d 609, 611; State v. Malone, Tex.Civ. App., 168 S.W.2d 292, 299, (Ref.W.M.).

In Gainesville, H. & W. R. Co. v. Hall, 78 Tex. 169, 14 S.W. 259, the defendant asked the court to give the following charge, which was refused:

"The mere construction and operation of the railroad of defendant upon land adjoining plaintiff's premises, and in the proper and usual manner in which railroads are built and operated, was not an unlawful act, nor could it be denominated a nuisance, and the inconvenience to plaintiff or the owner of the premises from such vibration, noise, and smoke as were incident to the ordinary operation of the railroad, by running from four to six trains per day past plaintiff's premises, does not give him a cause of action for damages, or depreciation in the value of his premises occasioned thereby. You are therefore instructed to return a verdict for the defendant."

The court charged the jury to find for the plaintiff if his property had been damaged by the construction and operation of the railroad, provided such damage resulted from vibration, smoke, noxious vapors and the noise of passing trains, but that it should not take into consideration any damage plaintiff suffered in common with the community generally. The Supreme Court approved the charge given and sustained the action of the trial court in refusing said requested charge. It held that under Article 1, Section 17, of the Texas Constitution the plaintiff could recover for diminution in the value of its land so caused. It further held that a natural person carrying on a business upon his own land which, by reason of noise, smoke and vibration, materially diminished the enjoyment of the property of another, and rendered it less desirable as a residence, and depreciated its market value is a nuisance.

■ Appellant's principal contention is correctly answered, we think, by the following excerpts from 16 Tex.Jur. 895, 897:

"* * * since the present constitutional provision directs that compensation shall be payable for property damaged, the presence of all the factors leading the court to conclude that the nuisance has been 'legalized' does not exonerate the defendant from this liability. Nor does the necessity of the work, from the standpoint of the interests of the public, have any bearing on the right of the injured party to compensation for the nuisance; it is but a matter inclining the court to regard the nuisance as legalized so as to preclude the grant of injunctive relief.

"The effect of the legislative authority is to make the work lawful; it cannot impair the constitutional right

to compensation. And, as we have seen, if the legislature in authorizing the work should attempt to negative the right to compensation, this would be unconstitutional.

\* \* \* \* \* \*

"Thus it seems that the word 'legalized' when used with reference to a nuisance now has the restricted meaning that the work constituting the nuisance is not enjoinable, and that the damages recoverable are limited to damages to property in terms of the constitution."

See also State v. Hale, 136 Tex. 29, 146 S.W.2d 731 and Stone v. City of Wylie, Tex.Com.App., 34 S.W.2d 842.

In Houston & T. C. R. Co. v. Davis, 45 Tex.Civ.App. 212, 100 S.W. 1013, 1014 (Writ Ref.), the court referred to Gainesville H. & W. Railway Co. v. Hall, 78 Tex. 169, 14 S.W. 259, 9 L.R.A. 298, and Daniel v. Ft. Worth & R. G. Railway, Tex.Civ. App., 69 S.W. 198, and in answering a contention that the plaintiff could not recover for damage to his land caused by activities on adjoining property unless he showed the railway company's track was used in such a manner that it constituted a nuisance, said:

"\* \* \* We think this contention is refuted by Gainesville H. & W. Railway Co. v. Hall, and Daniel v. Ft. Worth & R. G. Railway, supra. Both these cases recognize the right to recover for property taken or damaged for a public purpose regardless of any question of negligence or nuisance."

City of Temple v. Mitchell, Tex.Civ. App., 180 S.W.2d 959, 960, was a suit for damages against a city because its sewage disposal plant caused odors and flies to invade plaintiff's farm and cause a depreciation in its value. Judge McClendon said:

"The suit was maintainable therefore only upon the theory that the plant in its location and operation constituted a damaging of Mitchell's property for a public use, Tex.Const. Art. 1, § 17, Vernon's Ann.St.; and since, as we hold, the facts alleged were sufficient to support recovery upon that theory, it is not material that they were characterized in the pleadings and in the trial court's findings as a nuisance."

In Blair v. Waldo, Tex.Civ.App., 245 S.W. 986, the court said that under our constitutional provision a city was liable for damaging private property for a public use by constructing a sewer line, regardless of negligence.

In Hodges v. Town of Drew, 172 Miss. 668, 159 So. 298, the Supreme Court of Mississippi held that a constitutional prohibition against damaging private property for public use applied to cities and that they were liable therefor, regardless of whether they were exercising a governmental function.

■ Appellant contends that plaintiffs cannot recover because their damage was suffered in common with the community generally. We think this contention is refuted by the decision of our Supreme Court in Powell v. Houston & T. C. R. Co., 140 Tex. 219, 135 S.W. 1153, 1155, which is still cited as authority by our Supreme Court, wherein the court said:

"\* \* \* the Court of Civil Appeals placed their decision upon the additional ground that the depreciation in the value of the lot, by reason of the condition of the said crossing, is such as was suffered by all others owning property in his vicinity. This proposition can best be answered by quoting from Railway Co. v. Golberg, 68 Tex. 688, 5 S.W. 826, as follows: 'The fact that the injury was common to all other property holders on the street would not bar the plaintiff's right of recovery. The plaintiff sues for a special damage to his own property by reason of defendant's having

impaired the use of the street upon which it fronts. It does not affect his right to recovery that the owners of property fronting on the same street have been injured in the same manner. This is a loss peculiar to plaintiff's property, and not one he suffers in common with the community generally where the property is situated. Gulf, C. & S. F. Ry. Co. v. Fuller, 63 Tex. 467.'

"The law is so clearly stated by Judge Gaines in the above extract that we are unable to add any force to the reasoning which supports the conclusion announced. The depreciation of the value of the lot which belonged to Powell does not affect others who might own property in the same neighborhood, neither does the depreciation in the value of the property of others affect Powell. Therefore the injury suffered by Powell is special and personal to himself and does not come within the rule which is invoked by the Court of Civil Appeals."

The applicable rule on this point is stated in 16 Tex.Jur. (Revised Edition) 455 as follows:

"A public work usually disturbs property values in the vicinity, some owners enjoying an increment and others suffering a depreciation in the value of their respective properties. This depreciation is 'community damage' which is the opposite of 'special damage'. On the other hand, where a proprietary right has been violated, it is no answer to the claim for compensation that the proprietary rights of other members of the community have likewise been infringed. Accordingly, in the case of a claim by an abutting owner for damages resulting from the extraordinary use of a street, the fact that the injury is common to all other property holders on the street does not bar the plaintiff's right of recovery.

In such a case, the plaintiff sues for a special damage to his own property by reason of defendant's having impaired the use of the street upon which it fronts. His right to recovery is not affected by the fact that the owners of property fronting on the same street have been injured in the same manner. Such a loss is peculiar to the plaintiff's property, and is not one that he suffers in common with the community generally where the property is situated."

See also Gulf, C. & S. F. Ry. Co. v. Fuller, 63 Tex. 467; 40 A.L.R.2d 1180; Gainesville, H & W R Co. v. Hall, 78 Tex. 169, 14 S.W. 259, 9 L.R.A. 298; Gulf, C. & S. F. R. Co. v. Eddins, 60 Tex. 656 and State v. Clark, Tex., 336 S.W.2d 612, 617.

■ Under Article 1, Section 17 of the Constitution of Texas it is no defense that a City in damaging the property of a citizen was acting in a governmental capacity, or that it was not guilty of negligence. Cases are cited above which hold that proof of a nuisance is not required, however, that question is not material here because, regardless of whether such proof is or is not required, our Supreme Court has held, in effect, that the findings here that odors and insects were cast upon plaintiffs' farm by the city's disposal plant causing a diminution in the value of plaintiffs' land is a finding of a nuisance. Gainesville, H. & W. R. Co. v. Hall, 78 Tex. 169, 14 S.W. 259, 260, 9 L.R.A. 298, and Brewster v. City of Forney, Tex.Com.App., 223 S.W. 175, 178.

We are indebted to appellant for excellent briefs. We might be inclined to agree with some of its contentions as an original proposition but we think the law has been determined to the contrary. That which has been said also compels the overruling of appellant's 5th and 6th points. Appellant's remaining points complain of the admission of evidence. They have been considered. We conclude that reversible error is not shown. The judgment is affirmed.