Edward C. SCHNEIDER, et ux.,
Barbara Nell Schneider,
Appellants,

v.

The CITY OF CUERO, Texas, Appellee.

No. 13–87–018–CV.

Court of Appeals of Texas,
Corpus Christi.

April 21, 1988.

Rehearing Denied May 19, 1988.

O.F. Jones, III, Jones & Whitaker, Victoria, for appellants.

R.D. Cullen, Cullen, Carsner & Cullen, Victoria, and Frank B. Sheppard, Crain & Sheppard, Cuero, for appellee.

Before NYE, C.J., and SEERDEN and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

Appellants contest the judgment in a jury trial in which they alleged that the City's (appellee's) operation of a landfill adjacent to their property was a nuisance and constituted inverse condemnation of their land. The trial court entered a take-nothing judgment and assessed costs

against appellants. We affirm the trial court's judgment.

The City acquired a tract of land adjacent to the appellants' property for use as a landfill sometime before the end of 1980. Appellants then sold their land to the Renfrows. After the City began to operate the landfill, the Renfrows sued appellants under the DTPA.[1] That case was settled. One of the terms of settlement was rescission of the sale. After appellants regained title and possession of the property, they brought this suit against the City for nuisance and inverse condemnation. The City defended on the theory that any damages were solely caused by the negligent operation of the landfill and that the Texas Tort Claims Act does not allow a negligence cause of action to be brought against a municipality.

■ By point three, appellants claim that the answers to Issues 1 and 2 are in fatal conflict with the answer to Issue 6. We disagree. Trial courts must reconcile apparent conflicts in a jury's findings if this can reasonably be done in light of the pleadings and the evidence, the manner in which the issues were submitted, and the findings when considered as a whole. *Bender v. Southern Pacific Transportation Co.*, 600 S.W.2d 257, 260 (Tex.1980); *Ford v. Carpenter*, 147 Tex. 447, 216 S.W.2d 558, 562 (1949); *Equitable Trust Co. v. Roland*, 721 S.W.2d 530, 533 (Corpus Christi 1986, writ ref'd n.r.e.); *see Luna v. Southern Pacific Transportation Co.*, 724 S.W.2d 383, 384 (Tex.1987).

In answer to Special Issues 1 and 2, the jury found that the City's operation of the landfill caused noxious fumes, odors, smoke, insects, rodents, vultures, or predators to come upon appellants' land and that such operation proximately caused damage. By their negative answer to Issue 6, the jury found that the operation of the landfill did not cause a diminution of value of the land.

The jury could have found, by the evidence, that the operation of the landfill proximately caused the Renfrows to return the land to the Schneiders, but did not affect the value of the land itself. Appellants apparently met their burden of proof on issues 1 and 2 but not on issue 6. *See Thomas v. Oil & Gas Building, Inc.*, 582 S.W.2d 873, 880–81 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). We overrule point three.

■ By point one, appellants claim that the trial court erred in rendering judgment for the City on the basis that the jury findings that the City was negligent absolved it of liability because of governmental immunity, because such findings were immaterial and should have been disregarded. By point two, appellants cite as error the trial court's failure to grant them a new trial, claiming that the evidence that the City maintained a nuisance was undisputed.

Appellants state in their brief that the dominant issue on appeal is whether the trial court was correct in determining that since the jury found the sole cause of any damage by the City was negligence, the City is therefore immune.

■ A municipality, such as the City of Cuero, Texas, is immune to liability from negligence of its officers or employees in performance of its governmental functions, except as otherwise provided by Tex.Civ. Prac. & Rem.Code Ann. §§ 101.001–101.109 (Vernon 1986). *City of Houston v. George*, 479 S.W.2d 257, 258 (Tex.1972); *City of Dallas v. Moreau*, 718 S.W.2d 776, 779 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *City of Texarkana v. Taylor*, 490 S.W.2d 191, 192 (Tex.Civ.App.—Texarkana 1972, writ ref'd n.r.e.); *Jackson v. City of Corpus Christi*, 484 S.W.2d 806, 808 (Tex. Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.). Garbage disposal is a governmental, rather than a proprietary, function of a municipality. *George*, 479 S.W.2d at 258. Thus, the City is not liable for damages caused solely by negligence in garbage disposal.

Appellants argue that the negligence findings should be disregarded, maintaining that the undisputed evidence and jury

---

1. Deceptive Trade Practices Act, Tex.Bus. & Comm.Code Ann. § 17.01 *et seq.* (Vernon 1987).

findings establish that the City was guilty of maintaining a nuisance.

■ To constitute a nuisance, the danger must be inherent in the thing itself and beyond that arising from the negligence in its use. *Steele v. City of El Paso,* 417 S.W.2d 923, 924 (Tex.Civ.App.—El Paso 1967, writ ref'd n.r.e.). The damage must result from the thing itself rather than from negligent acts of employees. *Steele,* 714 S.W.2d at 924. Since the jury found negligent causation, the City is immune. *See City of Texarkana,* 490 S.W.2d at 193.

For a case in which the plaintiff showed nuisance, rather than mere negligence, *see City of Uvalde v. Crow,* 713 S.W.2d 154, 157 (Tex.App.—Texarkana 1986, writ ref'd n.r.e.). There the plaintiff showed that in normal weather and normal operating conditions and aside from any negligent irrigation, the City's sewage plant dumped polluted effluent into a waterway which crossed his property, killing his dogs.

In the case at bar, appellants did not show damages from normal operation of the landfill. There was testimony that the City was required to compact the garbage and cover it with six inches of dirt daily, and that this was not done for a period of time. Mr. Renfrow testified that the problems arose when "the garbage remained not covered up." Both appellants testified that the landfill itself was not objectionable when run properly, and that there had always been some garbage or trash on the landfill property. Mrs. Schneider testified that the landfill was not a problem and not objectionable at the time of trial. She testified that the problem was that the landfill was not operated properly. Mr. Schneider also testified that if not operated negligently, a landfill is not a nuisance.

In asserting that the City's operation of the landfill constitutes an unconstitutional "taking," appellants rely primarily on the lower court opinion of *City of Abilene v. Downs,* 359 S.W.2d 642, 649 (Tex.Civ.App.—Eastland 1962), *reversed,* 367 S.W.2d 153, wherein the court stated:

In the instant case it was found by the jury that the operation of appellant's sewage disposal plant had caused nox-ious fumes, odors and insects to come upon appellee's land. It has also been held that such a finding amounts to a finding that the operation of a sewage disposal plant creates a nuisance. *City of Abilene v. Bailey,* Tex.Civ.App., 345 S.W.2d 540.

A close examination of the *Bailey* case reveals that the jury found not only that the plant caused noxious odors to invade the plaintiffs' land, *but also that the resulting condition made the land "less valuable."* *City of Abilene v. Bailey,* 345 S.W.2d 540, 541–42 (Tex.Civ.App.—Eastland 1961, writ ref'd n.r.e.). The court held that all the findings, considered together, constituted a finding of nuisance.

The *Bailey* court also cited *Gainesville, H. & W. R. Co. v. Hall,* 78 Tex. 169, 14 S.W. 259, 260 (1890) for the proposition that a "nuisance" arises when the operation of a business, by reason of "smoke, noise and vibration," materially diminishes the enjoyment of the property of another *and depreciates its market value.*

In the instant case, the jury failed to find that the operation of the landfill diminished the value of appellants' land. In the absence of damages, the jury's findings do not provide a basis for judgment under Tex. Const. art. I, § 17. We overrule points one and two.

By point four, appellants challenge adverse fact findings to Special Issues 6 and 14 (a general damages issue), claiming to have established damages as a matter of law.

Appellants' motion for new trial complains of the finding in Special Issue 6, but does not mention Issue 14. Thus, appellants have not preserved any error in the sufficiency or weight of the evidence to support the jury's answer to Special Issue 14. Tex.R.Civ.P. 324(b)(2) and (3); Tex.R. App.P. 52(d).

In reviewing appellants' point of error asserting that the finding on Issue 6 is "against the great weight and preponderance of the evidence," we consider and weigh all of the evidence which tends to prove the existence of a vital fact as well

as evidence which tends to disprove its existence. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (per curiam); *Ford Motor Co. v. Nowak,* 638 S.W.2d 582, 585 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). So considering the evidence, if a jury finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained, regardless of whether there is some evidence to support it. *Watson v. Prewitt,* 159 Tex. 305, 320 S.W.2d 815, 816 (1959) (per curiam); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951) (per curiam).

■ The evidence on the value of the land before and after the City began operating the landfill is found in the testimony of Wayne Woolsey, the Chief Appraiser for DeWitt County Appraisal District. Woolsey testified that the fair market value of the Schneider land was $9,480 in 1982, $8,690 in 1983 through 1985, and $8,110 in 1986. Moreover, Woolsey testified that the landfill did not affect his assessment, saying that he valued it "just like other pasture land." Woolsey agreed that the use of the land affected its value and testified that it was classified as a small acreage tract in 1982 and as agricultural land in 1986. When asked about the 1982 Renfrow purchase for $45,000, Woolsey said it would not alter his evaluation, commenting, "one sale doesn't make a market." Thus, the evidence does not establish that the landfill affected the value of the property, as any dimunition in value could be a result of the change in classification. We overrule point four.

■ By point five, appellants contend that the trial court erred in failing to award them the amounts they paid in settlement costs and attorneys' fees in the Renfrow case under the DTPA. In the land transactions between the Schneiders and the Renfrows, however, the City of Cuero was neither a merchant nor a consumer. Tex. Bus. & Comm.Code Ann. § 17.44–.45 (Vernon 1987). Thus, the DTPA does not reach the City of Cuero.

Even if the City could be reached under the DTPA, appellants would have to show that the City engaged in a deceptive trade practice. The evidence is clear that the City did not misrepresent the use for which it acquired the property. Appellants attended public hearings on the matter. Thus, the City is not liable to appellants under the DTPA. We overrule point five.

Appellants' point six cites as error the trial court's refusal to submit their requested Special Issues on whether the City's operation of the landfill was a heedless and reckless disregard of the rights of adjacent landowners, as a predicate for exemplary damages. We have examined the record and find no evidentiary support for a finding of intentional, willful, wanton, or grossly negligent acts which show maliciousness or evil intent by a policy-making official of the municipality, as required by *City of Gladewater v. Pike,* 727 S.W.2d 514, 525 (Tex.1987). We overrule point six.

We AFFIRM the trial court's judgment.