**CITY OF UVALDE Appellant,**

v.

**James R. CROW Appellee.**

No. 9457.

Court of Appeals of Texas, Texarkana.

June 11, 1986.

Rehearing Denied July 8, 1986.

G. Thomas Coghlan, James H. Barrow, Lang, Cross, Ladon, Boldrick & Green, San Antonio, for appellant.

Eugene D. Stewart, Petry & Petry, Carrizo Springs, for appellee.

CORNELIUS, Chief Justice.

James Crow brought this suit against the City of Uvalde to recover damages caused by contaminated water from a sewage treatment plant owned by the City. Trial was to a jury which answered special issues favorable to Crow. On appeal the City contends there was no evidence or legally insufficient evidence that the operation of the plant constituted a nuisance or was the proximate cause of Crow's damages, the court incorrectly defined nuisance, and an improper measure of damages was used. We overrule these contentions and affirm the judgment.

In April of 1979, James Crow moved onto land about 200 yards below the City of Uvalde's sewage treatment plant and began operating a greyhound breeding facility. The City's plant permit allowed it to dump up to 2,000,000 gallons of effluent a day into Cook's Slough, which ran across Crow's property. From April until June of 1979, Crow's greyhounds played in and drank from Cook's Slough. During this period most of his dogs developed serious health problems, and many of them subsequently died. After June of 1979, Crow attempted to keep his dogs away from Cook's Slough, but on three occasions in February of 1980, his land was flooded by water from the sewage plant being used to irrigate adjacent land, and his dogs again experienced the same medical problems. After concluding that the dogs had been killed by water polluted by the sewage plant, Crow filed this suit for damage.

The City argues that Crow failed to prove or submit the correct legal theory of nuisance. Both parties concede that liability may be imposed on the City only if its operation of the plant constituted a nuisance, under the so-called nuisance exception to the governmental immunity rule in Tex. Const. art. I, § 17:

No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money; and no irrevocable or uncontrollable grant of special privileges or immunities, shall be made; but all privileges and franchises granted by the Legislature, or created under its authority shall be subject to the control thereof.

To constitute a nuisance, the condition must in some way constitute an unlawful invasion of the property or rights of others which is inherent in the thing or condition itself, beyond that arising merely from its negligent or improper use. *Gotcher v. City of Farmersville*, 137 Tex. 12, 151 S.W.2d 565 (1941); *Stein v. Highland Park Independent School District*, 540 S.W.2d 551 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.). A city is not liable for the negligent operation of its facilities, and a nuisance case cannot be made by merely pleading negligent acts and labeling them a nuisance. *Callaway v. City of Odessa*, 602 S.W.2d 330 (Tex.Civ.App.—El Paso 1980, no writ); *Steele v. City of El Paso*, 417 S.W.2d 923 (Tex.Civ.App.—El Paso 1967, writ ref'd n.r.e.). Here, Crow alleged that the plant discharged a portion of its waste into Cook's Slough resulting in its contam-

ination, and he produced evidence supporting that allegation. A city-owned plant that emits smoke or odors or dumps polluted water or refuse onto another's land is a nuisance. *City of Abilene v. Downs*, 367 S.W.2d 153 (Tex 1963); *City of Fort Worth v. Crawford*, 74 Tex. 404, 12 S.W. 52 (1889); *City of Abilene v. Bailey*, 345 S.W.2d 540 (Tex.Civ.App.—Eastland 1961, writ ref'd n.r.e.); *City of Temple v. Mitchell*, 180 S.W.2d 959 (Tex.Civ.App.—Austin 1944, no writ); *City of Wylie v. Stone*, 16 S.W.2d 862 (Tex.Civ.App.—Dallas 1929), *aff'd*, 34 S.W.2d 842 (Tex.Comm'n App.1931, judgment adopted); *Brewster v. City of Forney*, 223 S.W. 175 (Tex.Comm'n App.1920, judgment adopted); *see also, City of Oxford v. Spears*, 87 So.2d 914 (Miss.1956); 41 Tex.Jur.2d *Nuisances* § 51 (1963).

■ The City, however, argues that Crow's cause of action was actually for negligence, and as proof it cites the fact that Crow relied on the three incidents when sewer water from the plant being used as irrigation on adjoining land overflowed onto his land because of flooding. It was these flooding incidents which caused Crow to eventually discover the polluted water in Cook's Slough, but he did not rely on those events to establish his cause of action. Rather, he produced evidence that the sewage plant, in normal weather and normal operating conditions and aside from any negligent irrigation, continuously dumped polluted effluent into Cook's Slough which resulted in damage to his dogs. Indeed, the City defended its position before the jury on the basis that its permit allowed it to dump into Cook's Slough waste water containing amounts of ecoli bacteria without chlorination, although one of its witnesses maintained that the City did not do so and that the discharge was due to a leak in a pipe. We find there was legally sufficient evidence to support a finding of nuisance rather than negligence. *See Steele v. City of El Paso*, supra.

■ The City also asserts that the court erroneously defined nuisance, and that the special issue submitted by the court could only apply to a real property case and could not support a recovery for loss of personalty.

The court gave the following special issue and definition:

Do you find from a preponderance of the evidence that the City of Uvalde in its operation of the sewage plant in question constituted a nuisance, as that term is herein below defined, to Jim Crow's property?

DEFINITION:

"By the term 'nuisance', as it applies to this case, is meant any use of property that results in the annoyance or disturbance to another's property rendering its use or occupation physically uncomfortable to those who so occupy. Such uses may be polluting of another's property with contaminated water, thereby producing material discomfort or annoyance to persons of ordinary sensibilities.

"You are further instructed that a nuisance, if the same exists, is not excused by the fact that it arises from the conduct of an operation that is in itself lawful or useful.

If anything, this special issue is unduly restrictive to Crow, and we cannot perceive how it could have harmed the City. *See* Tex.R.Civ.P. 434.

The City further contends that by using the words "polluting" and "contaminated water" in the definition of nuisance without defining them, the court made an improper comment under Tex.R.Civ.P. 277. Rule 277 states in pertinent part:

The court shall not in its charge comment directly on the weight of the evidence ... but the court's charge shall not be objectionable on the ground that it incidentally constitutes a comment on the weight of the evidence ... where it is properly a part of any explanatory instruction or definition.

■ To be a direct comment, the issue or instruction must suggest to the jury the trial judge's opinion concerning the matter about which the jury is asked. *City of Amarillo v. Langley*, 651 S.W.2d 906 (Tex.

App.—Amarillo 1983, no writ); *Metal Structures Corp. v. Plains Textiles, Inc.,* 470 S.W.2d 93 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.). A fair reading of the instruction here leads to the conclusion that it did not attempt to lead the jury to a particular answer or directly suggest the court's opinion. *City of Amarillo v. Langley,* supra. Moreover, any complaint the City may have had as to the failure to define "polluting" or "contaminated water" has been waived by its failure to tender the definition it desired. *State v. Lackey,* 576 S.W.2d 685 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.).

■ Next the City contends there is legally insufficient evidence that the plant was a nuisance and was the proximate cause of any injury to Crow's dogs.

In reviewing a legal insufficiency point we consider only the evidence and inferences tending to support the findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). The evidence and inferences supporting the jury findings here are: the district supervisor of the Texas Department of Water Resources testified that Cook's Slough was contaminated or polluted, he was aware of no other source than the sewage plant, and that the sewage plant was dumping effluent into Cook's Slough which ran across Crow's property; R.W. Johnson, field representative for the Texas Department of Water Resources, in a report introduced into evidence stated that samples and studies showed Cook's Slough to be polluted and that the source of the pollution was the sewage treatment plant; Augustine de la Cruz, a Texas Department of Water Resources biologist, in her report introduced into evidence stated that bacteriological tests indicated high fecal coliform levels in Cook's Slough; Crow's veterinarian conducted autopsies on two of the dogs and other tests on six other dogs and concluded that the cause of the dogs' medical problems was an ecoli bacterial infection; there was testimony the only times the dogs had medical problems was when they had access to Cook's Slough and when the water from the plant flooded Crow's land; and during part of the relevant time period the sewage plant's permit contained no requirement of a maximum level of fecal coliform in the effluent. We find ample evidence to support the findings of nuisance and proximate cause.

The City also asserts that an incorrect measure of damages was submitted to the jury. The damage issue was as follows:

Find from a preponderance of the evidence what sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff James R. Crow for his damages, if any, resulting from the operation of the sewer plant by the City.

Consider the following elements of damage, if any, and none other:

(2a) Reasonable and necesaary (sic) veternarian (sic) expenses:

Answer in dollars and cents, if any, or "none".

[ANSWER:] $1,792.00.

(2b) Reasonable market value of the dogs lost, if any, as a result of the operation of the sewer plant by the City.

"Market value" means the amount that would be paid in cash by a willing buyer who desires to buy, but is not required to buy, to a willing seller who desires to sell, but is under no necessity to sell.

Answer in dollars and cents, if any, or "none".

ANSWER: $64,500.00.

The City argues that since nuisance cases necessarily relate to property, an issue which asked the jury to find a sum that would fairly and reasonably compensate the plaintiff is inappropriate.

■ The usual measure of damages in a nuisance case is the difference in market value of the property immediately before and immediately after the injury. *City of Abilene v. Downs,* supra; *City of Amarillo v. Ware,* 120 Tex. 456, 40 S.W.2d 57 (1931). Damages for personal injuries may also be recovered in a nuisance action, *Vann v. Bowie Sewerage Company,* 127

Tex. 97, 90 S.W.2d 561 (1936), and recovery for damages to property is not limited to realty but applies to personal property and special damages as well. 58 Am.Jur.2d *Nuisances* § 120 (1971). The special issue here restricts the elements of damage the jury can consider to the veterinarian bills and the reasonable market value of the dogs lost as a result of the pollution. It also defines market value. We find it proper under the law as it applies to this case.

Finally the City contends there was no evidence that the veterinary expenses were reasonable and necessary. The only evidence in the case dealing with the reasonableness of the veterinary expenses came from the veterinarian herself. She testified that her charges were necessary, that she was familiar with the reasonable charges for such services in Uvalde County, and that the fee she charged was a very reduced fee in comparison. This testimony was sufficient for the jury to find that the expenses were reasonable and necessary. *Gulf, C. & S.F. Ry. Co. v. Keith,* 74 Tex. 287, 11 S.W. 1117 (1889).

For the reasons stated the judgment of the trial court is affirmed.