**Raymond SHADE, Appellant,**

v.

**CITY OF DALLAS, Appellee.**

No. 05-90-01394-CV.

Court of Appeals of Texas, Dallas.

Oct. 2, 1991.

David R. Weiner, Dallas, for appellant.

Robert J. Davis, Dallas, for appellee.

Before ROWE, WHITTINGTON, and CHAPMAN, JJ.

## OPINION

CHAPMAN, Justice.

Raymond Shade (Shade) appeals from a summary judgment rendered in favor of the City of Dallas (the City). In two points of error, he contends that the trial court erred in granting the City's motion for summary judgment and in denying his motion for partial summary judgment. We reverse and remand.

## FACTS

This case involves sewage backup into a home. Shade built his home in Dallas, Texas, after the City's main sewer line was already in place. Shade connected his private sewer line into the City's main for service. Shade experienced sewage backup into his home in 1975 and again in the early 1980's. A third incident occurred in March 1988 and is the subject of this suit. At that time, Shade's wife discovered that the sewer had backed up and was flooding the house. Raw sewage flowed from the bathrooms into the rest of the house. The City found ten gallons of grease in its line.

In his affidavit, Shade stated that he experienced lingering odor and mold growth throughout the home. Shade eventually closed the business he was operating out of his home because of the problems with the house. Shade attempted to repair the damage himself and stated that he experienced frustration and mental anguish because he had to live with the situation. Shade sued the City alleging (1) negligence, (2) nuisance, and (3) unconstitutional taking of his property.

## STANDARD OF REVIEW

The rules to be followed by an appellate court in reviewing a summary judgment were set forth by the Supreme Court in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985). They are as follows:

(1) The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

(2) In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon*, 690 S.W.2d at 548–49. The question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d

827, 828 (Tex.1970). A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff cannot succeed upon any theory pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). When a defendant moves for summary judgment based on an affirmative defense, such as sovereign immunity, the burden is to prove conclusively all elements of the affirmative defense as a matter of law so that there is no issue of material fact. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984).

## NUISANCE

In his first point of error, Shade contends that the trial court erred in granting the City's motion for summary judgment. The City moved for summary judgment solely on the ground of governmental immunity. Shade contends that governmental immunity does not apply in nuisance cases and that he has properly pleaded nuisance.

■ The operation and maintenance of a sanitary sewage system by a city is a governmental function. *Steele v. City of El Paso*, 417 S.W.2d 923, 924 (Tex.Civ. App.—El Paso 1967, writ ref'd n.r.e.). A municipality is liable for the creation or maintenance of a nuisance in the course of the non-negligent performance of a governmental function. *Gotcher v. City of Farmersville*, 137 Tex. 12, 151 S.W.2d 565, 566 (1941). If a nuisance is caused by the negligent performance of a governmental function, then a city is protected from liability because of governmental immunity. *City of Texarkana v. Taylor*, 490 S.W.2d 191, 194 (Tex.App.—Texarkana 1972, writ ref'd n.r.e.). Merely pleading that an alleged condition constitutes a nuisance is not sufficient for recovery under a nuisance theory. *City of Uvalde v. Crow*, 713 S.W.2d 154, 156 (Tex.App.—Texarkana 1986, writ ref'd n.r.e.); *Steele*, 417 S.W.2d at 923.

■ To be classified as a nuisance within the exception to governmental immunity, the condition must, in some way, constitute an unlawful invasion of property or the rights of others, beyond that arising merely from its negligent or improper use.

*Gotcher*, 151 S.W.2d at 566; *Crow*, 713 S.W.2d at 156; *Stein v. Highland Park Independent School Dist.*, 540 S.W.2d 551, 553 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.). Some courts have stated that the invasion of rights contemplated by nuisance law "must be inherent in the thing or condition itself, beyond that arising merely from its negligent or improper use." *Stein*, 540 S.W.2d at 553; *see also Jones v. City of Dallas*, 451 S.W.2d 271, 274 (Tex. Civ.App.—Dallas 1970, writ ref'd n.r.e.).

In its motion for summary judgment, the City pleaded that the summary judgment evidence established conclusively that Shade failed to state a cause of action for which the City could be held liable. The City pleaded that it had no liability as a matter of law and that the doctrine of sovereign immunity precluded Shade from recovery. In his response, Shade pleaded that the City failed to show that there is a lack of genuine issues of material fact. Shade contended that there is nothing contained in the City's pleadings that would affirmatively negate his right to recovery.

■ The summary judgment evidence shows that Gary Morgan, the City's Assistant Manager of Waste Water Collection, testified in his deposition that there is no evidence that a City employee caused the flooding of Shade's home. He testified that grease and roots had blocked the sewer lines, causing the backup into Shade's home. He agreed that this is "something that happens routinely in the operation of sewer lines" and that this kind of blockage is "something that is almost inherent in the operation of a sewer line." In his deposition, Shade testified that someone working to clear the sewer lines told him that, where an eight-inch sewer line entered an eighteen-inch line, "the line was put in too low." The man told him that "the line is too low where it goes in. If there is any debris or slow down in the main line, it will back up and cause a juncture at that point [b]ecause it drops in the bottom of the line, instead of up in the middle ... [sic]." Shade testified that one worker told him this when the workers were replacing or raising up the line where the problem had occurred.

The City has failed in its burden to show as a matter of law that Shade's nuisance claim is barred under the doctrine of governmental immunity. There exists a question of fact about whether the problem was caused by the City's negligence or whether the condition is inherent in the sewer system itself. The City was not entitled to summary judgment on this cause of action.

## NEGLIGENCE

Shade's second theory for recovery is negligence. While engaged in the governmental function of constructing, operating, and maintaining its sewer system, the City enjoys sovereign immunity for its negligent acts, except to the extent that the Tort Claims Act waives that immunity. *Parr Golf, Inc. v. City of Cedar Hill,* 718 S.W.2d 46, 47 (Tex.App.—Dallas 1986, no writ). The Texas Tort Claims Act provides for recovery of personal injury damages resulting from the negligence of a governmental unit. TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1986). If the City were found to be negligent, Shade could recover mental anguish damages.[1] *Brown & Root, Inc. v. City of Cities Mun. Util. Dist.,* 721 S.W.2d 881, 884–85 (Tex. App.—Houston [1st Dist.] 1986, no writ). Shade would not be able to recover property damages under his negligence claim. *See* § 101.021(2). The summary judgment evidence from the City, Morgan's deposition testimony, is that there is no evidence that a City employee caused the flooding of Shade's home. However, Shade's summary judgment evidence that a City worker said that the sewer line was put in too low raises a fact issue concerning the City's negligence. Since the City has failed to prove as a matter of law that the sewer backup was not caused by the negligence of the City, there exists a question of material fact concerning whether the City was negligent in the operation of the sewer system.

The City has argued, in its brief in support of its motion for summary judgment, that cities are immune from liability caused by overflow of sewage into homes,

citing *Callaway v. City of Odessa,* 602 S.W.2d 330 (Tex.App.—El Paso 1980, no writ); *City of Texarkana v. Taylor,* 490 S.W.2d 191 (Tex.Civ.App.—Texarkana 1972, writ ref'd n.r.e.) and *Rowe v. City of Temple,* 510 S.W.2d 173 (Tex.App.—Beaumont 1974, no writ). In *Callaway,* an obstruction in the sewer pipe caused sewage backup into the Callaway's home. The Callaways pleaded that a broken piece of sewer pipe caused the obstruction and that the city's maintenance or failure to maintain the defect had existed long enough for it to be a nuisance. The court overruled the Callaway's point of error, apparently holding that there was nothing inherently dangerous in the sewer system beyond that arising from negligence in its use or maintenance. *See Callaway,* 602 S.W.2d at 333. Therefore, because there was no inherent problem with the sewer and because negligence of the city was involved, the Callaways were prevented from recovering. In *Taylor,* a problem in the sanitary sewer system caused sewage backup into the Taylor's residence. The Taylors sued the city on a nuisance theory. The court noted the confusion in the state of the law on nuisance. *Taylor,* 490 S.W.2d at 193. The court stated that a municipality is liable for creation of a nuisance in *non-negligence* situations. *Taylor,* 490 S.W.2d at 194. Because the jury found that the city was negligent in the maintenance and operation of the sewer system, the court affirmed the judgment rendered that the Taylors take nothing. *Taylor,* 490 S.W.2d at 194. In *Rowe,* the court said:

> It is clear that plaintiff relies upon negligence of the city employees in his effort to establish a nuisance. It was his theory, and his testimony, that some unidentified employee of the City disconnected his out fall line and that this negligence proximately caused his damage.

*Rowe,* 510 S.W.2d at 174. These cases do not establish, as the City apparently contends, that cities are immune from liability from all damages caused by all backup and overflow of sewage into homes. Rather, cities are afforded such immunity only

---

1. Shade has pleaded personal injury damages    due to the sewer backup.

where negligence is involved and only for property damages. The City argues that Shade cannot recover personal injury damages for mental anguish because these damages were not raised in Shade's response to the City's motion for summary judgment, citing *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979). Shade, in his petition, pleaded mental anguish damages. The City did not move for summary judgment on the ground that Shade suffered no damages. Therefore, Shade was not required to respond to the motion and allege and offer proof of damages. *See Gibbs*, 450 S.W.2d at 828. The City was not entitled to summary judgment on this cause of action.

## UNCONSTITUTIONAL TAKING

■ Shade asserts that the flooding of his home constituted a "taking" of his property under article I, section 17 of the Texas Constitution, which states as follows:

No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made unless by the consent of such person; ....

TEX. CONST. art. I, § 17. A litigant may recover under article I, section 17 of the Texas Constitution by establishing a nuisance. *City of Abilene v. Downs*, 367 S.W.2d 153, 159 (Tex.1963). When proof of a nuisance is established, the Texas Supreme Court recognizes an exception to the doctrine of governmental immunity. *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex.1980). However, recovery under section 17 is not allowed where the damage in connection with a public structure was based on some act of negligence such as the negligent acts of an employee. *Ivey v. City of Temple*, 415 S.W.2d 542, 543 (Tex. Civ.App.—Austin 1967, writ ref'd n.r.e.). The Texas Supreme Court has stated that the test under article I, section 17 is whether "the State intentionally perform[ed] certain acts in the exercise of its lawful authority ... for public use which resulted in the taking or damaging of plaintiffs' property, and which acts were the proximate cause of the taking or damaging of such property." *State v. Hale*, 136 Tex. 29, 146

S.W.2d 731, 736 (1941). The City moved for summary judgment alleging that it has no liability as a matter of law because of sovereign immunity. The City would not be liable for a "taking" if its acts involved negligence. *See Steele*, 603 S.W.2d at 791. The City moved for summary judgment solely on the ground of governmental immunity. The City failed to establish, as a matter of law, that it was negligent, and, therefore, immune from liability for its acts. Thus, the City was not entitled to summary judgment on that ground.

■ The City contends, on appeal, that the taking was neither (1) intentional, (2) for public use, nor (3) repeated and continuous, citing *Durden v. City of Grand Prairie*, 626 S.W.2d 345 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.) and *Abbott v. City of Kaufman*, 717 S.W.2d 927 (Tex.App.—Tyler 1986, writ dism'd). The City did not move for summary judgment on those grounds, however. The sole ground on which it moved for summary judgment was governmental immunity. Although it raised these other grounds in a brief in support of the motion, we hold that this is not sufficient. A brief in support is not a motion, answer, or response as contemplated by rule 166a. The City's motion does not incorporate the brief, and the trial court's judgment does not state that the brief was considered. The right to summary judgment exists only where there is compliance with the rule. *Rozsa v. Jenkinson*, 754 S.W.2d 507, 509 (Tex.App.—San Antonio 1988, no writ). Because these grounds were not contained in the City's motion, we hold that summary judgment was improper if granted on those grounds. *See Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990).

The City has failed in its burden to show, as a matter of law, that Shade's claims are barred under the doctrine of governmental immunity. Shade has pleaded facts sufficient to constitute a cause of action for the type of nuisance coming within the exception to the rule of immunity, for unconstitutional taking of property, and for negligence. Summary judgment was improper unless Shade's claim was defeated by some

other overriding defense. No other defense was pleaded by the City. For the reasons stated, we sustain Shade's first point of error and hold that it was error to grant the City's motion for summary judgment.

## SHADE'S MOTION

In his second point of error, Shade contends that the trial court erred in failing to grant his motion for summary judgment. When both parties move for summary judgment, each must carry its own burden, and neither can prevail because of the failure of the other to discharge its burden. *The Atrium v. Kenwin Shops of Crockett*, 666 S.W.2d 315, 318 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). When one motion is granted and the other is denied, all questions presented to the trial court may be considered on appeal, including whether the losing party's motion should have been granted. *See Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988).

As movant, Shade had the burden to establish each element of his cause of action as a matter of law. *See Brooks v. Sherry Lane Nat'l Bank*, 788 S.W.2d 874, 876 (Tex.App.—Dallas 1990, no writ). Shade contends that he established a cause of action for nuisance as a matter of law. However, as we stated earlier, there was evidence that the sewer backup was caused by a sewer line being put in too low and also evidence that it was caused by normal use of the sewer. We hold that Shade has failed to establish his nuisance cause of action as a matter of law. We overrule Shade's second point of error.

We reverse the judgment of the trial court and remand the cause for proceedings consistent with this opinion.