Bible Baptist Church v. City of Cleburne 










WITHDRAWN 2-17-93





IN THE
TENTH COURT OF APPEALS
 

No. 10-92-033-CV

     BIBLE BAPTIST CHURCH,
                                                                                              Appellant
     v.

     CITY OF CLEBURNE,
                                                                                              Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # 249-237-89
                                                                                                    

O P I N I O N
                                                                                                    

      Bible Baptist Church sued the City of Cleburne after its building flooded with raw sewage
from a sewer line owned and operated by the City. The City moved for summary judgment,
which the court granted. We will reverse the summary judgment and remand for trial.
PROCEDURAL BACKGROUND
      The Church filed suit asserting a cause of action for negligence and a cause of action under
article I, section 17, of the Texas Constitution for taking, damaging, or destruction of personal
property without adequate compensation. The City asserted the defense of governmental
immunity. The City filed its first motion for summary judgment alleging that the Church's
negligence claims were barred by the doctrine of sovereign immunity and that the Church could
not, as a matter of law, show a taking of private property. The Church filed its First Amended
Original Petition, adding a specific claim for nuisance. In its Second Amended Original Petition,
the Church dropped its negligence claims but retained its claims for nuisance and for the wrongful
taking, damaging, or destruction of its property under the Texas Constitution. The City filed a
second motion for summary judgment alleging that the Church's nuisance claims were actually
negligence claims barred by the doctrine of sovereign immunity. Alternatively, the City claimed
that the flooding of the property could not, as a matter of law, constitute a nuisance or a taking
of private property for public use without compensation. The court granted a summary judgment
in favor of the City.
STANDARD OF REVIEW
      In reviewing the summary judgment, we must determine whether a movant met its burden by
establishing that no genuine issue of material fact exists. See Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548 (Tex. 1985); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678 (Tex. 1979). The movant bears the burden of proving its entitlement to the summary
judgment as a matter of law. See Nixon 690 S.W.2d at 548; Roskey v. Texas Health Facilities
Comm'n, 639 S.W.2d 302, 303 (Tex. 1982) (per curiam); Great Am. Reserve Ins. Co. v. San
Antonio Plumbing Sup. Co., 391 S.W.2d 41, 47 (Tex. 1965). We must view the evidence in the
light most favorable to the non-movant. See Great Am. Reserve, 391 S.W.2d at 47. We will
accept as true all evidence favorable to the non-movant. See Nixon, 690 S.W.2d at 549;
Montgomery v. Kennedy, 669 S.W.2d 309, 311 (Tex. 1984). Moreover, we must indulge every
reasonable inference in the non-movant's favor and resolve all doubts as to the existence of a
genuine issue of material fact in its favor. See id. We will consider evidence which favors the
movant only if it is uncontroverted. See Great Am. Reserve, 391 S.W.2d at 47.
      A defendant who moves for a summary judgment without asserting an affirmative defense
must disprove as a matter of law one or more of the elements essential to the plaintiff's cause of
action. Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991) (per curium). A defendant may
establish an affirmative defense by proving all of the elements of the affirmative defense as a
matter of law, demonstrating that there is no genuine issue of material fact. Montgomery, 669
S.W.2d at 310-11. A summary judgment for the defendant disposing of the entire case is proper
only if, as a matter of law, the plaintiff could not succeed upon any theory plead. Interstate Fire
Ins. Co. v. First Tape, Inc., 817 S.W.2d 142, 144 (Tex. App.—Houston [1st Dist.] 1991, writ
denied).
WAIVER OF IMMUNITY FOR GOVERNMENTAL FUNCTIONS
      The Church concedes that, as a general rule, a municipality is immune from liability for its
torts in the performance of governmental functions except as otherwise provided by statute or the
Constitution. See Texas Highway Dep't v. Weber, 147 Tex. 628, 219 S.W.2d 70, 71 (1949). The
Tort Claims Act waives governmental immunity for (1) property damage, personal injury and
death proximately caused by a governmental employee's negligent act or omission in the operation
or use of a motor-driven vehicle or motor-driven equipment or (2) personal injury and death
caused by a condition or use of tangible personal or real property. Tex. Civ. Prac. & Rem.
Code Ann. § 101.021 (Vernon 1986). The maintenance and operation of a sanitary sewer system
by a city is a governmental function. Id. § 101.0215(a)(9) (Vernon Supp. 1993); City of
Texarkana v. Taylor, 490 S.W.2d 191, 192 (Tex. Civ. App.—Texarkana 1972, writ ref'd n.r.e.). 
Thus, the Church would be limited to "personal injury and death" damages upon a showing of
negligence—damages it has not pled. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2).
      The Church argues, however, that it has alleged causes of action that fall within exceptions
to the doctrine of governmental immunity—nuisance and a taking under article I, section 17, of
the Texas Constitution. In a single point, the Church complains that summary judgment was not
proper on either its nuisance cause of action or its cause of action for taking, damaging, or
destruction under the Texas Constitution.
NUISANCE
      A nuisance is a condition which substantially interferes with the use and enjoyment of land
by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting
to use and enjoy it. Meat Producers, Inc. v. McFarland, 476 S.W.2d 406, 410 (Tex. Civ.
App.—Dallas 1972, writ ref'd n.r.e.); City of Temple v. Mitchell, 180 S.W.2d 959, 961-62 (Tex.
Civ. App.—Austin 1944, no writ). Actionable nuisance will not, as a rule, arise unless the facts
of the case bring it within one of three classifications: intentional invasion of another's interests;
negligent invasion of another's interests; or other conduct, culpable because abnormal and out of
place in its surroundings, that invades another's interests. Taylor, 490 S.W.2d at 194. As a
general rule, proof of negligence is not essential to the imposition of liability for the creation or
maintenance of a nuisance. King v. Columbian Carbon Co., 152 F.2d 636, 639 (5th Cir. 1945). 
In other words, nuisances may exist without negligence. Id. at 641.
      Although a municipality is generally immune from liability for its torts in the performance of
a governmental function, it may be liable for the creation or maintenance of a nuisance in the
course of the non-negligent performance of such functions. Gotcher v. City of Farmersville, 137
Tex. 12, 151 S.W.2d 565, 566 (1941). If a nuisance is caused by the negligent performance of
a governmental function, the municipality is protected from liability because of governmental
immunity. Taylor, 490 S.W.2d at 194. 
      The gist of the City's argument on appeal is that, regardless of how the Church now chooses
to frame its causes of action, the true basis of its complaint is negligence, i.e., that the City failed
to replace the existing six-inch sewer line with a larger line. The City's summary-judgment
evidence shows that the Church's original petition alleged that the City was negligent in utilizing
sewer lines of insufficient size, which proximately caused the Church's damages. Rev. Don
Shipman, the Church's pastor, testified in his deposition that the six-inch line was now too small
and that the City should have replaced it with a larger line. The Church stated in answers to
interrogatories that the six-inch sewer line was too small and restricted because 100 new homes
had been added to the line. Also, a hospital now shared the same sewer line. The City contends
that the Church has "admitted" through its answers to interrogatories and Shipman's deposition
testimony that the underlying basis for its suit was the City's negligent failure to perform a
discretionary act—to replace the existing sewer line with a larger one. 
      While there may be merit to the City's argument, we are reviewing the granting of a summary
judgment and we must indulge every reasonable inference in the non-movant's favor and resolve
all doubts as to the existence of a genuine issue of material fact in the Church's favor. See Nixon,
690 S.W.2d at 549; Montgomery, 669 S.W.2d at 311. The summary-judgment evidence also
included the deposition testimony of John Haley, Jr., superintendent of the City's water utilities,
and the affidavit of the city engineer, Perry Harts. Haley testified that he did not believe any
particular problem with the sewer system caused the backup; rather, this was a routine backup that
happens when operating a sewage system. He testified that, to his knowledge, there was nothing
improper about the construction of the sewer lines that served the Church. Haley stated that the
low elevation of the Church's property might make it susceptible to sewage backups. He testified
that raw sewage is generally offensive and can be a health hazard. Harts' affidavit stated that the
sewer line was sufficient to service the connecting sewer lines.
      To be classified as a nuisance within the exception to the doctrine of governmental immunity,
the condition must in some way constitute an unlawful invasion of property or the rights of others
beyond that arising merely from its negligent or improper use. Shade v. City of Dallas, 819
S.W.2d 578, 581-82 (Tex. App.—Dallas 1991, no writ). Under the analysis in Shade, the City
is potentially liable for damages for a non-negligent nuisance. See id. However, unlike the City
of Dallas in Shade, the City of Cleburne has alleged that its acts were discretionary and that
governmental immunity has not been waived by the Tort Claims Act as to discretionary acts. See
Tex. Civ. Prac. & Rem. Code Ann. § 101.056 (Vernon 1986). Section 101.056 provides
immunity when a governmental unit fails to perform a discretionary act—an act that it is not
required by law to perform. Id. 
      Because fact questions exists about what caused the backup, whether the City intentionally or
negligently failed to correct the cause of the backup, and whether the condition rose to the level
of a nuisance, the City has failed to meet its summary-judgment burden and was not entitled to
summary judgment on the nuisance cause of action. See Nixon, 690 S.W.2d at 548.
UNCONSTITUTIONAL TAKING
      The Church also asserted a cause of action under article I, section 17, of the Texas
Constitution for the taking, damaging or destruction of its property for public use.


 The test under
article I, section 17, is whether "the State intentionally perform[ed] certain acts in the exercise of
its lawful authority . . . which resulted in the taking or damaging of plaintiff's property [for public
use], and which acts were the proximate cause of the taking or damaging of such property." State
v. Hale, 136 Tex. 29, 146 S.W.2d 731, 736 (1941). Proof of a non-negligent nuisance may also
allow a litigant to recover under this provision. Steele v. City of Houston, 603 S.W.2d 786, 791
(Tex. 1980); City of Abilene v. Downs, 367 S.W.2d 153, 159 (Tex. 1963). 
      Because fact questions exist about what caused the backup, whether the City intentionally or
negligently failed to correct the cause of the backup, whether the condition rose to the level of a
nuisance, whether the City intended to take acts which resulted in the taking, damaging, or
destruction of any interest in the property, the City has failed to meet its summary-judgment
burden and was not entitled to summary judgment on this cause of action. See Nixon, 690 S.W.2d
at 548.
      We sustain the point. We reverse the judgment and remand the cause for trial.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed February 10, 1993
Publish

WITHDRAWN 2-17-93