**BIBLE BAPTIST CHURCH, Appellant,**

v.

**CITY OF CLEBURNE, Appellee.**

**No. 10–92–033–CV.**

Court of Appeals of Texas,
Waco.

Feb. 17, 1993.

Rehearing Denied March 31, 1993.

David R. Weiner, Law Offices of Windle Turley, P.C., Dallas, for appellant.

Michael W. Minton, Decker, Jones, McMackin, McClane, Hall & Bates, Fort Worth, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Bible Baptist Church sued the City of Cleburne after its building flooded with raw sewage from a sewer line owned and operated by the City. The City moved for summary judgment, which the court granted. We will reverse the summary judgment and remand for trial.

### PROCEDURAL BACKGROUND

The Church filed suit asserting a cause of action for negligence and a cause of action under article I, section 17, of the Texas Constitution for taking, damaging, or destruction of personal property without adequate compensation. The City asserted the defense of governmental immunity. The City filed its first motion for summary judgment alleging that the Church's negligence claims were barred by the doctrine of sovereign immunity and that the Church could not, as a matter of law, show a taking of private property. The Church filed its First Amended Original Petition, adding a specific claim for nuisance. In its Second Amended Original Petition, the

Church dropped its negligence claims but retained its claims for nuisance and for the wrongful taking, damaging, or destruction of its property under the Texas Constitution. The City filed a second motion for summary judgment alleging that the Church's nuisance claims were actually negligence claims barred by the doctrine of sovereign immunity. Alternatively, the City claimed that the flooding of the property could not, as a matter of law, constitute a nuisance or a taking of private property for public use without compensation. The court granted a summary judgment in favor of the City.

## STANDARD OF REVIEW

In reviewing the summary judgment, we must determine whether the movant met its burden by establishing that no genuine issue of material fact exists. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The movant bears the burden of proving its entitlement to the summary judgment as a matter of law. *See Nixon*, 690 S.W.2d at 548; *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982) (per curiam); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965). We must view the evidence in the light most favorable to the non-movant. *See Great Am. Reserve*, 391 S.W.2d at 47. We will accept as true all evidence favorable to the non-movant. *See Nixon*, 690 S.W.2d at 549; *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Moreover, we must indulge every reasonable inference in the non-movant's favor and resolve all doubts as to the existence of a genuine issue of material fact in its favor. *See id.* We will consider evidence which favors the movant only if it is uncontroverted. *See Great Am. Reserve*, 391 S.W.2d at 47.

A defendant who moves for a summary judgment without asserting an affirmative defense must disprove as a matter of law one or more of the elements essential to the plaintiff's cause of action. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991) (per curiam). A defendant may establish an affirmative defense by proving all of the elements of the affirmative defense as a matter of law, demonstrating that there is no genuine issue of material fact. *Montgomery*, 669 S.W.2d at 310–11. A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff could not succeed upon any theory plead. *Interstate Fire Ins. Co. v. First Tape, Inc.*, 817 S.W.2d 142, 144 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

## WAIVER OF IMMUNITY FOR GOVERNMENTAL FUNCTIONS

■ The Church concedes that, as a general rule, a municipality is immune from liability for its torts in the performance of governmental functions except as otherwise provided by statute or the Constitution. *See Texas Highway Dep't v. Weber*, 147 Tex. 628, 219 S.W.2d 70, 71 (1949). The Tort Claims Act waives governmental immunity for (1) property damage, personal injury and death proximately caused by a governmental employee's negligent act or omission in the operation or use of a motor-driven vehicle or motor-driven equipment or (2) personal injury and death caused by a condition or use of tangible personal or real property. TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986). The maintenance and operation of a sanitary sewer system by a city is a governmental function. *Id.* § 101.0215(a)(9) (Vernon Supp. 1993); *City of Texarkana v. Taylor*, 490 S.W.2d 191, 192 (Tex.Civ.App.—Texarkana 1972, writ ref'd n.r.e.). Thus, the Church would be limited to "personal injury and death" damages upon a showing of negligence—damages it has not pled. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 101.021(2).

The Church argues, however, that it has alleged causes of action that fall within exceptions to the doctrine of governmental immunity—nuisance and a taking under article I, section 17, of the Texas Constitution. In a single point, the Church complains that summary judgment was not proper on either its nuisance cause of ac-

tion or its cause of action for taking, damaging, or destruction under the Texas Constitution.

## NUISANCE

■ A nuisance is a condition which substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it. *Meat Producers, Inc. v. McFarland,* 476 S.W.2d 406, 410 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.); *City of Temple v. Mitchell,* 180 S.W.2d 959, 961–62 (Tex.Civ.App.—Austin 1944, no writ). Actionable nuisance will not, as a rule, arise unless the facts of the case bring it within one of three classifications: intentional invasion of another's interests; negligent invasion of another's interests; or other conduct, culpable because abnormal and out of place in its surroundings, that invades another's interests. *Taylor,* 490 S.W.2d at 194. As a general rule, proof of negligence is not essential to the imposition of liability for the creation or maintenance of a nuisance. *King v. Columbian Carbon Co.,* 152 F.2d 636, 639 (5th Cir.1945). In other words, nuisances may exist without negligence. *Id.* at 641.

■ Although a municipality is generally immune from liability for its torts in the performance of a governmental function, it may be liable for the creation or maintenance of a nuisance in the course of the non-negligent performance of such functions. *Gotcher v. City of Farmersville,* 137 Tex. 12, 151 S.W.2d 565, 566 (1941). If a nuisance is caused by the negligent performance of a governmental function, the municipality is protected from liability because of governmental immunity. *Taylor,* 490 S.W.2d at 194.

■ The gist of the City's argument on appeal is that, regardless of how the Church now chooses to frame its causes of action, the true basis of its complaint is negligence, *i.e.,* that the City failed to replace the existing six-inch sewer line with a larger line. The City's summary-judgment evidence shows that the Church's original petition alleged that the City was negligent in utilizing sewer lines of insufficient size, which proximately caused the Church's damages. Rev. Don Shipman, the Church's pastor, testified in his deposition that the six-inch line was now too small and that the City should have replaced it with a larger line. The Church stated in answers to interrogatories that the six-inch sewer line was too small and restricted because 100 new homes had been added to the line. Also, a hospital now shared the same sewer line. The City contends that the Church has "admitted" through its answers to interrogatories and Shipman's deposition testimony that the underlying basis for its suit was the City's negligent failure to perform a discretionary act—to replace the existing sewer line with a larger one.

While there may be merit to the City's argument, we are reviewing the granting of a summary judgment and we must indulge every reasonable inference in the non-movant's favor and resolve all doubts as to the existence of a genuine issue of material fact in the Church's favor. *See Nixon,* 690 S.W.2d at 549; *Montgomery,* 669 S.W.2d at 311. The summary-judgment evidence also included the deposition testimony of John Haley, Jr., superintendent of the City's water utilities, and the affidavit of the city engineer, Perry Harts. Haley testified that he did not believe any particular problem with the sewer system caused the backup; rather, this was a routine backup that happens when operating a sewage system. He testified that, to his knowledge, there was nothing improper about the construction of the sewer lines that served the Church. Haley stated that the low elevation of the Church's property might make it susceptible to sewage backups. He testified that raw sewage is generally offensive and can be a health hazard. Harts' affidavit stated that the sewer line was sufficient to service the connecting sewer lines.

■ To be classified as a nuisance within the exception to the doctrine of governmental immunity, the condition must in some way constitute an unlawful invasion of property or the rights of others beyond that arising merely from its negligent or

**830**

improper use. *Shade v. City of Dallas*, 819 S.W.2d 578, 581–82 (Tex.App.—Dallas 1991, no writ). Under the analysis in *Shade*, the City is potentially liable for damages for a non-negligent nuisance. *See id.* However, unlike the City of Dallas in *Shade*, the City of Cleburne has alleged that its acts were discretionary and that governmental immunity has not been waived by the Tort Claims Act as to discretionary acts. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.056 (Vernon 1986). Section 101.056 preserves immunity when a governmental unit fails to perform a discretionary act—an act that it is not required by law to perform. *Id.*

Because fact questions exists about what caused the backup, whether the City intentionally or negligently failed to correct the cause of the backup, and whether the condition rose to the level of a nuisance, the City has failed to meet its summary-judgment burden and was not entitled to summary judgment on the nuisance cause of action. *See Nixon*, 690 S.W.2d at 548.

### UNCONSTITUTIONAL TAKING

■ The Church also asserted a cause of action under article I, section 17, of the Texas Constitution for the taking, damaging or destruction of its property for public use.[1] The test under article I, section 17, is whether "the State intentionally perform[ed] certain acts in the exercise of its lawful authority ... which resulted in the taking or damaging of plaintiff's property [for public use], and which acts were the proximate cause of the taking or damaging of such property." *State v. Hale*, 136 Tex. 29, 146 S.W.2d 731, 736 (1941). Proof of a non-negligent nuisance may also allow a litigant to recover under this provision. *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex.1980); *City of Abilene v. Downs*, 367 S.W.2d 153, 159 (Tex.1963).

Because fact questions exist about what caused the backup, whether the City intentionally or negligently failed to correct the cause of the backup, whether the condition

rose to the level of a nuisance, whether the City intended to take acts which resulted in the taking, damaging, or destruction of any interest in the property, the City has failed to meet its summary-judgment burden and was not entitled to summary judgment on this cause of action. *See Nixon*, 690 S.W.2d at 548.

We sustain the point. We reverse the judgment and remand the cause for trial.

---

1. "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made unless by the consent of such person; ...." TEX. CONST. art. I, § 17.