James and Charlotte **JENNINGS**,
Appellants,

v.

**CITY OF DALLAS**, Appellee.

No. 05–98–01831–CV.

Court of Appeals of Texas,
Dallas.

July 17, 2001.

**24.** *See supra* note 4.

Eliot D. Shavin, SMUU Legal Clinic, Dallas, for Appellant.

Julie A. Essenburg, City of Dallas, Dallas, for Appellee.

Before WRIGHT, O'NEILL, and MALONEY[1], JJ.

## OPINION

Opinion by Justice MALONEY (Assigned).

In this summary judgment case, Charlotte and James Jennings sued the City of Dallas (the City) alleging nuisance and a constitutional taking because the City's sanitary sewer line backed up and flooded their home with raw sewage. The City moved for summary judgment under TEX. R.CIV.P. 166a(i) (no evidence summary judgment) and TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (governmental immunity). The trial court granted the City's motion for summary judgment on the grounds that "[p]laintiff's nuisance and constitutional takings claims are barred by *City of Tyler v. Likes*, 962 S.W.2d 489 (Tex.1997)." The Jennings appeal, contending the trial court erred in (1) granting the City's motion for summary judgment and (2) denying their motion for partial summary judgment on nuisance per se. We reverse and remand.

---

1. The Honorable Frances Maloney, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

## BACKGROUND

On the morning of December 27, 1993, a crew sent by the City's wastewater collection division unstopped a grease-clogged sanitary sewer main. The grease and sewage rushed down the pipe and caused a second blockage. This caused the sewage to back up the sewage main and flood the interior of the Jennings's home. The flooding of the Jennings's home was a one-time event.

## SUMMARY JUDGMENT

### 1. Standard of Review

#### a. No Evidence Summary Judgment

 The civil rules provide that, after adequate time for discovery, a party may move for summary judgment on all or part of a lawsuit if no evidence of one or more essential elements of a claim or defense exist on which an adverse party would have the burden of proof at trial. TEX. R.CIV.P. 166a(i). When a trial court's order specifies the ground relied on for the summary judgment ruling, we only affirm the summary judgment if the theory relied on by the trial court is meritorious, otherwise we must remand the case. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993); *Macias v. Rylander*, 995 S.W.2d 829, 833 (Tex.App.—Austin 1999, no writ); *Farmer Enters., Inc. v. Gulf States Ins. Co.*, 940 S.W.2d 103, 106–07 (Tex.App.—Dallas 1996, no writ).

Because the trial court's summary judgment order specifically stated that it granted summary judgment on *Likes*, we need not address whether the "no evidence" standard for summary judgment applies.[2] We limit our review to the ground the trial court relied on in granting summary judgment. *See State Farm Fire & Cas. Co.*, 858 S.W.2d at 380; *Macias*,

995 S.W.2d at 833 n. 6; *Farmer Enters., Inc.*, 940 S.W.2d at 106–07.

#### b. Traditional Summary Judgment

Our standards for reviewing a traditional summary judgment are well settled. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); TEX. R.CIV.P. 166a. When plaintiffs move for summary judgment, they must conclusively prove all elements of their cause of action as a matter of law. *Nationwide Prop. & Cas. Ins. v. McFarland*, 887 S.W.2d 487, 490 (Tex.App.—Dallas 1994, writ denied). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *Id.* (citing *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982)).

 Once a movant establishes its right to summary judgment, the burden shifts to the nonmovant to present the trial court with evidence of any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Muckelroy v. Richardson Indep. Sch. Dist.*, 884 S.W.2d 825, 828 (Tex.App.—Dallas 1994, writ denied). Because sovereign immunity is an affirmative defense, a defendant alleging sovereign immunity in a summary judgment has the burden to establish all of the elements of the defense as a matter of law. *See Battin v. Samaniego*, 23 S.W.3d 183, 185–86 (Tex.App.—El Paso 2000, pet. denied); *Shade v. City of Dallas*, 819 S.W.2d 578, 581 (Tex.App.—Dallas 1991, no writ).

### APPELLANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

 The Jenningses filed a motion for partial summary judgment contending

---

**2.** Although we may consider other grounds not ruled on, nothing in the record indicates that the trial court even considered the City's

"no evidence" ground for summary judgment. *See Cincinnati Life Ins. Co.v. Cates*, 927 S.W.2d 623, 626 (Tex.1996).

they established a nuisance per se as a matter of law. The Jenningses relied on the Texas Health and Safety Code, which provides that "sewage, human excreta, wastewater, garbage, or other organic wastes deposited, stored, discharged, or exposed in such a way as to be a potential instrument of medium in disease transmission to a person or between persons . . ." is a public health nuisance. TEX.HEALTH & SAFETY CODE ANN. § 341.011 (Vernon 1992).

The Jenningses attached the affidavit of John M. Shaffer, a regional Director of Environmental & Consumer Health for the Texas Department of Health. Shaffer opined as follows:

> "Based on my education, experience, and review of the deposition excerpts concerning this case, I have formed the opinion that the sewage, wastewater, and other organic wastes deposited or discharged into the Jennings home at 4250 Robertson Drive in Dallas, Texas on December 27, 1993, was a potential instrument or medium in disease transmission to the residents of that home."

Neither party disputes that sanitary sewage from the City's sewer main flooded the Jenningses' home. The Jenningses provided summary judgment evidence that the sewage was a public health nuisance because it was deposited, discharged, or exposed in such a way as to be a potential instrument of medium in disease transmission to a person or between persons. Accordingly, the burden shifted to the City to present evidence of issues precluding summary judgment. This, it did not do.

The City responded that the "sewage blockage" did not constitute a nuisance per se because it is not a nuisance at all times and under any and all circumstances, re-gardless of location. In its response, the City attached only the affidavit of Beverly J. Weaver, Director of Environmental & Health Services for Dallas. Her affidavit recited the following:

> A sewer line blockage due to grease is not in and of itself a public health nuisance as that phrase is defined in § 341.011 of the Texas Health & Safety Code. Furthermore, a sewer line blockage due to grease is not in and of itself a potential instrument or medium in disease transmission to a person or between persons.

Whether the sewer line was blocked was never contested nor an issue in this case. The issue was whether the discharged sewage—not the blocked line—was a nuisance. Because the City produced no controverting evidence, the trial court should have granted the Jenningses' motion for partial summary judgment. *City of Houston*, 589 S.W.2d at 678; *Muckelroy*, 884 S.W.2d at 828.

We sustain the Jenningses' point of error number two.

## GOVERNMENTAL IMMUNITY

■ Here, because the trial court's judgment specifically stated it relied on *Likes* in granting summary judgment, we need only decide if governmental immunity protected the City from liability.[3] A municipality's operating and maintaining of a sanitary sewerage system is a governmental function. TEX.CIV.PRAC. & REM.CODE ANN. § 101.0215 (Vernon 2001); *Shade*, 819 S.W.2d at 581. Municipalities are immune from tort liability in performing governmental functions unless the Texas Tort Claims Act waives their immunity. *See*

---

**3.** Movants requesting summary judgment under 166a(i) should not present summary judgment evidence. Hybrid motions are confusing and disfavored. *See Hight v. Dublin*

*Veterinary Clinic,* 22 S.W.3d 614 (Tex.App.— Eastland 2000, pet. denied); *Ethridge v. Hamilton County Elec. Coop. Ass'n,* 995 S.W.2d 292 (Tex.App.—Waco 1999, no writ).

*Likes,* 962 S.W.2d 489, 493. However, the Texas Constitution protects property owners from their property being damaged or destroyed without adequate compensation. TEX. CONST. art I, § 17.

### 1. Nuisance

#### a. Applicable Law

■ If the negligent performance of a governmental function causes a nuisance, governmental immunity protects that municipality. *Shade,* 819 S.W.2d at 581 (citing *City of Texarkana v. Taylor,* 490 S.W.2d 191, 194 (Tex.App.—Texarkana 1972, writ ref'd n.r.e.)). But, a municipality is liable for the creation or maintenance of a nuisance in the course of the non-negligent performance of a governmental function. *Shade,* 819 S.W.2d at 581 (citing *Gotcher v. City of Farmersville,* 137 Tex. 12, 151 S.W.2d 565, 566 (1941)).

■ To be classified as a nuisance within the exception to governmental immunity, the condition must, in some way, constitute an unlawful invasion of property or the rights of others, beyond that arising merely from its negligent or improper use. *Shade,* 819 S.W.2d at 581 (citing *Gotcher,* 151 S.W.2d at 566, *City of Uvalde v. Crow,* 713 S.W.2d 154, 156 (Tex.App.—Texarkana 1986, writ ref'd n.r.e.)). The invasion of rights contemplated by the nuisance "must be inherent in the thing or condition itself, beyond that arising merely from its negligent or improper use." *Shade,* 819 S.W.2d at 581 (quoting *Stein v. Highland Park Indep. Sch. Dist.,* 540 S.W.2d 551, 553 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.)).

#### b. Application of Law to Fact

■ The Jennings's live pleading does not include a claim for negligence or nuisance caused by negligence. Specifically, The Jenningses alleged in their Third Amended Petition and Jury Demand that this nuisance created an unlawful invasion of their property that was inherent in the operation of the pipeline, without "respect to any negligence in its creation, operation, or maintenance." The City, however, contends the Jenningses have merely recast negligence claims under other theories to avoid governmental immunity. We disagree.

The City in moving for summary judgment was required to meet the plaintiffs' causes of action as pleaded and to demonstrate that the plaintiffs cannot prevail. *Cook v. Brundidge, Fountain, Elliott & Churchill,* 533 S.W.2d 751, 759 (Tex.1976); *Rogers v. R.J. Reynolds Tobacco Co.,* 761 S.W.2d 788, 795 (Tex.App.—Beaumont 1988, writ denied). Accordingly, the City can only prevail on its motion for summary judgment if it meets the Jenningses' non-negligent nuisance and takings claims as pleaded. *See Cook,* 533 S.W.2d at 759; *Rogers,* 761 S.W.2d at 795.

The Jenningses' response to the City's summary motion had attached the affidavit of Raymond G. Helmer, a licensed Texas professional engineer. Helmer had "over 40 years of Civil Engineering experience in the planning, design, and construction of wastewater collection & treatment systems projects." Helmer recited the evidence he reviewed and opined included as follows:

> In sum, it is my professional opinion that sewer line blockages due to grease such as the one at the Jennings' home on December 27, 1993, are inherent in the operation of sanitary sewers. They are even more likely to occur in six-inch sewer lines which do not run on straight alignment and uniform grade between manholes, as in the case of the City of Dallas sewer line which backed up into the Jennings' home on December 27, 1993.

In addition, Helmer attached his engineering report to his affidavit, which discussed his opinion in greater detail.

The Jenningses also attached the deposition excerpt of Gary L. Morgan, who was the Assistant Manager of Wastewater·Collection for the Dallas Water Department. *See Shade,* 819 S.W.2d 578. Morgan testified that a backups of sanitary sewage lines are inherent in their operation.

In *Shade,* this Court stated that the City of Dallas

> has failed in its burden to show as a matter of law that [the] nuisance claim is barred under the doctrine of governmental immunity. There exists a question of fact about whether the problem was caused by [the City's] negligence·or whether the condition in inherent in the sewer system itself. [The City] was not entitled to summary judgment on this cause of action.

*See Shade,* 819 S.W.2d at 582.[4]

## UNCONSTITUTIONAL TAKING

The Jenningses contend the flow of sanitary sewage into their home constituted a taking of their property under the Texas Constitution. They alleged that the Texas Constitution prohibits a "a person's property ... be taken, damaged or destroyed for or applied to public use without adequate compensation being made unless by the consent of such person;.... "TEX.CONST. art. I, § 17; *Shade,* 819 S.W.2d at 583.

The City contends the Jenningses cannot produce evidence that their property has been taken or damaged within the meaning of the takings provision of article 1, section 17 of the Texas Constitution. We disagree.

### 1. Applicable Law

▮▮▮▮▮ A litigant may recover under article I, section 17 of the Texas Constitution by establishing a nuisance. *Shade,* 819 S.W.2d at 583. When a plaintiff establishes proof of a nuisance, Texas recognizes an exception to the doctrine of governmental immunity. *Shade,* 819 S.W.2d at 583 (citing *Steele v. City of Houston,* 603 S.W.2d 786, 791 (Tex.1980)). However, we do not allow a takings claim where the damage has as its basis some act of negligence. *Shade,* 819 S.W.2d at 583. The test for a taking under the Texas Constitution is whether "the State intentionally perform[ed] certain acts in the exercise of its lawful authority ... for public use which resulted in the taking or damaging of plaintiffs' property, and which acts were the proximate cause of the taking or damaging of such property." *Bible Baptist Church v. City of Cleburne,* 848 S.W.2d 826, 830 (Tex.App.—Waco 1993, writ denied) (quoting *State v. Hale,* 136 Tex. 29, 146 S.W.2d 731, 736 (1941)); *Shade,* 819 S.W.2d at 583 (quoting *State,* 136 Tex. 29, 146 S.W.2d at 736). Proof of a non-negligent nuisance may allow a litigant to recover under this constitutional provision. *Bible Baptist Church,* 848 S.W.2d at 830 (citing *Steele,* 603 S.W.2d at 791); (*City of Abilene v. Downs,* 367 S.W.2d 153, 159 (Tex.1963)).

### 2. Application of Law to Fact

▮▮▮ The Jenningses produced more than a scintilla of summary judgment evidence of damage to their home. *See Bible Baptist Church,* 848 S.W.2d at 830. And, the City did not controvert the Jenningses summary judgment evidence that sanitary

---

**4.** It is of no consequence that, unlike Shade, the City moved for summary judgment on no-evidence because the trial court specifically granted summary judgment on governmental immunity.

sewage from a sewage line owned and operated by the City flooded their home.

In its motion for summary judgment, the City argued, "The City of Dallas and its employees did not intend to flood the Jennings'[sic] home with sewage or intend to cause any harm to the Jennings or their property." Because the Jenningses provided evidence that sewage backups are inherent within the operation of sewers-including testimony from a City employee-we conclude a fact issue exists on whether an intentional taking occurred.

For the reasons discussed above, we reverse and remand the trial court's judgment in favor of the City and render partial judgment for the Jenningses that the raw sewage within their house constituted a nuisance per se.