# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-95-00030-CV

**David Winsman, Appellant**

**v.**

**City of Austin, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
NO. 216,901, HONORABLE STEVE RUSSELL, JUDGE PRESIDING**

---

## PER CURIAM

Appellant David Winsman sued appellee City of Austin for property damage sustained when a sewer pipe operated and maintained by the City collapsed and raw sewage flowed into his home. The trial court granted summary judgment in favor of the City, and Winsman appeals. We will reverse in part and affirm in part the trial court's judgment.

### Standard of Review

In reviewing a summary judgment record, this Court observes the following rules: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether a disputed material fact precludes summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant

000554

and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

## Negligence

By point of error one, Winsman asserts that the trial court erred in granting the City's motion for summary judgment on the issue of negligence. A municipality is immune from liability for its negligence in performing governmental acts except to the extent provided by the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 1986 & Supp. 1995); *Duhart v. State*, 610 S.W.2d 740, 741 (Tex. 1980); *City of Houston v. George*, 479 S.W.2d 257, 258-59 (Tex. 1972). The operation and maintenance of a sanitary sewage system by a city is a governmental function for which liability may be imposed, provided that the specific requirements of section 101.021 of the Texas Tort Claims Act are met. *See* Tex. Civ. Prac. & Rem. Code § 101.0215(a)(9), (32) (West Supp. 1995); *Shade v. City of Dallas*, 819 S.W.2d 578, 581 (Tex. App.—Dallas 1991, no writ). Section 101.021 provides that a governmental unit is responsible for:

(1) *property damage*, personal injury, and death *proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment if*:

  (A) *the property damage*, personal injury, or death *arises from the operation or use of a motor-driven vehicle or motor-driven equipment*, and

  (B) the employee would be personally liable to the claimant according to Texas law . . . .

Tex. Civ. Prac. & Rem. Code § 101.021 (West 1986) (emphasis added).

2

Winsman claimed in his response to the motion for summary judgment that the City is liable for the property damage he sustained because the operation and maintenance of the sewage line involves motor-driven vehicles and equipment. The motor-driven vehicles and equipment involved includes (1) a pump that lifts sewage to a lift station, (2) motor-driven blowers that suck gases such as hydrogen sulfide out of a manhole before utility employees enter, and (3) motorized trucks that carry cameras which televise the interior of the sewer lines.[1]

The City, citing *State Department of Highways v. Payne*, 838 S.W.2d 235 (Tex. 1992), asserts that the decision whether particular equipment is motor-driven equipment contemplated by the statute is a question of law rather than fact. *Id.* at 238 (whether special defect exists is question of law). We agree.

Section 101.021 broadly waives liability for property damage caused by the operation or use of motor-driven equipment. Section 101.001(3) defines "motor-driven equipment" by exclusion:

Motor-driven equipment does not include:

(A) equipment used in connection with the operation of floodgates or water release equipment by river authorities created under the laws of this state; or

(B) medical equipment, such as iron lungs, located in hospitals.

---

[1] Although the evidence conflicts, it appears that the motor involved is the winch motor that pulls the television camera through the line's interior. To the extent that it is not, the truck is clearly a motor-driven vehicle under section 101.021.

3

000556

Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3) (West 1986). As noted by the court in *4 DG's Corp. v. City of Lockney*, 853 S.W.2d 855, 856 (Tex. App.—Amarillo 1993, no writ), the term "equipment" includes "the implements (as machine or tools) used in an operation or activity." *Id.* at 857; *Webster's Third New International Dictionary* 768 (Philip B. Gove, ed., 1986). The pump, blower, and truck fit within the ordinary definition of "equipment."

We also believe that, by expressly excluding equipment used in connection with the operation of floodgates or water release and medical equipment, the legislature impliedly included similar types of motor-driven equipment. *State v. Richards*, 301 S.W.2d 597, 600 (Tex. 1957) (specific exceptions make plain legislature's intent that statute should apply in all cases not excepted). We hold that, as a matter of law, the term "motor-driven" equipment as used in section 101.021 could include the sewage pump, the blower, and the truck.[2]

On appeal, Winsman argues that although the City's summary judgment evidence established that the pipes collapsed because they had deteriorated due to the presence of hydrogen sulfide gas in the sewer, the City failed to show that the presence of hydrogen sulfide gas was *not* attributable to the motor-driven vehicles or equipment used in operating and maintaining the lines. We agree. The City's summary judgment evidence showed that hydrogen sulfide is "usually" caused by some type of septic sewage that corrodes the concrete pipe. The testimony of an interested witness or an expert offered to support a summary judgment may be relied upon only if the evidence is clear, positive and direct, otherwise credible and free from

---

[2] We decline to follow the court in *Schaefer v. City of San Antonio*, 838 S.W.2d 688 (Tex. App.—San Antonio 1992, no writ), which, in dicta, stated that a water pump was not motor-driven equipment under the statute. *Id.* at 693.

4

contradictions and inconsistencies, and could have been readily controverted. Tex. R. Civ. P. 166a(c); *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989). The testimony that hydrogen sulfide is "usually" caused by septic sewage is not clear, positive and direct: it leaves open the possibility that hydrogen sulfide may be otherwise created, and does not negate Winsman's assertion that the buildup of gas may have been exacerbated by the use of the pump, the blower, or the truck. At no point did the City attempt to negate Winsman's assertion that motor-driven equipment was involved in the accident.

We do not address Winsman's other arguments under this point of error because we conclude that the evidence does not prove that the operation or use of motor-driven vehicles or equipment did not cause the pipe to break.[3] We sustain point of error one.

## Nuisance

By point of error two, Winsman asserts that the trial court erred in granting the City's motion for summary judgment on the issue of nuisance. Nuisance is an action that looks at the damage or harm inflicted rather than the particular type of act or omission.[4] A nuisance

---

[3] The city asserts that *Callaway v. City of Odessa*, 602 S.W.2d 330 (Tex. Civ. App.—El Paso 1980, no writ), is dispositive of this case. In *Callaway*, as in this case, homeowners sued for damages resulting from the backup and overflow of sewage into their home. While *Callaway* does stand for the proposition that a city is not liable for negligence unless liability is waived, the plaintiffs in *Callaway* did not allege that the negligence involved motor-driven equipment or vehicles. Once that allegation was made, it became the City's responsibility to rebut it with proper summary judgment evidence. *4 DG's Corp. v. City of Lockney*, 853 S.W.2d 855, 856 (Tex. App.—Amarillo 1993, no writ).

[4] *See City of Texarkana v. Taylor*, 490 S.W.2d 191 (Tex. Civ. App.—Texarkana 1973, writ ref'd n.r.e.), for a discussion of the vagaries of the theory behind a cause of action for nuisance.

000558

is a "condition which substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it." *Bible Baptist Church v. City of Cleburne*, 848 S.W.2d 826, 829 (Tex. App.—Waco 1993, writ denied); *Neyland v. Schneider*, 615 S.W.2d 285, 286 (Tex. Civ. App.—Eastland 1981, no writ); *Meat Producers, Inc. v. McFarland*, 476 S.W.2d 406, 410 (Tex. Civ. App.—Dallas 1972, writ ref'd n.r.e.).

Governmental immunity does not shield municipalities from liability arising from the creation or maintenance of a nuisance. *Gotcher v. City of Farmersville*, 151 S.W.2d 565, 566 (Tex. 1941); *Bible Baptist Church*, 848 S.W.2d at 829; *Shade v. City of Dallas*, 819 S.W.2d 578, 581 (Tex. App.—Dallas 1991, no writ); *City of Texarkana v. Taylor*, 490 S.W.2d 191, 194 (Tex. Civ. App.—Texarkana 1972, writ ref'd n.r.e.). A municipal corporation has no more right to create or maintain a nuisance than does a private person. *Stein v. Highland Park Indep. Sch. Dist.*, 540 S.W.2d 551, 553 (Tex. Civ. App.—Texarkana 1976, writ ref'd n.r.e.). To constitute a nuisance coming within the exception, however, the condition must in some way constitute an unlawful invasion of the property or the rights of others. *Gotcher*, 151 S.W.2d at 566; *Shade*, 819 S.W.2d at 581. And, since a municipality is immune from negligence except to the extent provided by the Tort Claims Act, invasion of those rights must be inherent in the thing or condition itself, beyond that arising merely from its negligent or improper use. *Parson v. Texas City*, 259 S.W.2d 333, 335 (Tex. Civ. App.—Fort Worth 1953, writ ref'd); *City of Texarkana v. Taylor*, 490 S.W.2d 191, 194 (Tex. Civ. App.—Texarkana 1972, writ ref'd n.r.e.); *Jones v. City of Dallas*, 451 S.W.2d at 274; *Steele v. City of El Paso*,

6

417 S.W.2d 923, 924 (Tex. Civ. App.— El Paso 1967, writ ref'd n.r.e.). One cannot convert a cause of action for negligence into an action for nuisance simply by so pleading. *Steele*, 417 S.W.2d at 924. The test is whether the damage would have occurred in the absence of any negligence. *See, e.g., Schneider v. City of Cuero*, 749 S.W.2d 614, 618 (Tex. App.—Corpus Christi 1988, writ denied).

In this case, the City's summary judgment evidence showed that the line collapsed because it had been corroded by hydrogen sulfide gas. Winsman complains that because the evidence showed that hydrogen sulfide gas was "usually" produced by sewage, a question of fact exists about whether the problem was caused by the City's negligence or by a condition inherent in the sewer system itself. *See Bible Baptist Church*, 848 S.W.2d at 830 (reversing summary judgment in favor of city because fact issues existed regarding whether condition of sewage line rose to level of nuisance); *Shade*, 819 S.W.2d 581 (reversing summary judgment because it was unclear whether sewage backup was caused by problem inherent with line or negligence in installation).

However, although sewer lines ordinarily contain corrosive hydrogen sulfide gas, sewer lines do not ordinarily collapse. The City's summary judgment evidence showed that only one other line had collapsed due to hydrogen sulfide corrosion in the nine years prior. Further, the evidence showed that while most mains are designed to last for forty to fifty years, this line collapsed after only ten. Finally, the City implements a program to detect corrosion to prevent such breaks. We conclude that the damage would not have occurred in the absence of negligence. If the City is responsible at all for the line's collapse after the completion of only twenty to twenty-five percent of its anticipated useful life, the City must have been negligent in

7

000560

approving or maintaining the line.[5] We hold that on these facts, the only cause of action presented is one for negligence. *See Rowe v. City of Temple*, 510 S.W.2d 173, 174-5 (Tex. Civ. App.—Beaumont 1974, no writ) (instructed verdict on nuisance claim proper when theory was that city employee had negligently disconnected him from city's sewer line); *Steele v. City of El Paso*, 417 S.W.2d 923, 924 (Tex. Civ. App.—El Paso 1967, writ ref'd n.r.e.) (directed verdict proper when inherent danger causing sewage backups not adequately pleaded or proven); *Jones v. City of Dallas*, 451 S.W.2d at 274 (summary judgment appropriate when no inherent danger or defect existed); *compare City of Uvalde v. Crow*, 713 S.W.2d 154, 157 (Tex. App.—Texarkana 1986, writ ref'd n.r.e.) (city liable for nuisance when evidence showed that it discharged polluted effluent in normal weather and under normal operating conditions). Point of error two is overruled.

We reverse the trial-court judgment with regard to the negligence cause of action, and remand that portion of the cause to the trial court for proceedings consistent with this opinion. The remainder of the trial-court judgment is affirmed.

Before Justices Powers, Kidd and B. A. Smith

Affirmed in Part; Reversed and Remanded in Part

Filed:  October 11, 1995

Do Not Publish

---

[5] The line was manufactured, selected, and installed by other entities.

8