Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB







Opinion issued September 14, 2006







     









In The
Court of Appeals
For The
First District of Texas








NO. 01-05-00331-CV
        








DONNA BANDA AND ROBYN WORTHEN, Appellants

V.

CITY OF GALVESTON, Appellee








On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 00-CV-0576









DISSENTING OPINION

          I respectfully dissent. I believe appellants Donna Banda and her daughter,
Robyn Worthen (collectively, “the homeowners”) have clearly presented evidence
sufficient to raise a material fact issue as to whether the City of Galveston (“the
City”) was negligent when its employee, operating a motor-driven vehicle, blew
sewage all over appellants’ home. I would reverse and remand for trial.
          The homeowners assert that the City waived its governmental immunity
under section 101.021(1)(A) of the Texas Tort Claims Act because the City “used
motor-driven equipment during its pumping operations and [the] clearing of the
[sewage] lines.” Section 101.021(1) provides: 
A governmental unit in the state is liable for:
 
(1)property damage . . . proximately caused by the wrongful act or
omission or the negligence of an employee acting within his
scope of employment if:
 
(A)the property damage . . . arises from the operation or use
of a motor-driven vehicle or motor driven equipment;
and
 
(B)the employee would be personally liable to the claimant
according to Texas law. . . .

Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1) (Vernon 2005). 

          The majority concludes that “[n]one of the evidence referenced in the
homeowners’ summary judgment response asserts that the City’s employees
negligently used the motorized equipment.” This sentence is the sole basis for the
majority’s holding.
          It is well established that, in determining waiver of immunity for property
damage arising “from the operation or use of a motor-driven vehicle or motor-driven equipment,” the term “‘use’ means ‘to put or bring into act or service; to
employ for or apply to a given purpose’” and that the use of the equipment or
vehicle must have actually caused the injury for the waiver in section 101.021 of
the Tort Claims Act to apply. Texas Natural Res. Conservation Comm’n v. White,
46 S.W.3d 864, 869 (Tex. 2001) (holding that stationary electric motor-driven
pump used to dissipate fumes from leaking underground gas tanks was “motor-driven equipment” under section 101.021); see City of Alton v. Sharyland Water
Supply Corp., 145 S.W.3d 673, 679 (Tex. App.—Corpus Christi 2004, no pet.); 4
DG’s Corp. v. City of Lockney, 853 S.W.2d 855, 857 (Tex. App.—Amarillo 1993,
no pet.).
          The law is also well established that the use of motor-driven equipment in a
manner that causes property to be flooded with sewage can state a cause of action
for which a city’s governmental immunity is waived by section 101.021 of the Tort
Claims Act. See City of Paris v. Floyd, 150 S.W.3d 224, 228 (Tex.
App.—Texarkana 2004, no pet.) (holding that negligence action against city for
failing to maintain electric pumps within lift station to control water entering
system through open excavation and in using inadequate electric pumps, causing
sewage to back up into house during heavy rainfall, stated claim for City’s
negligence in operation or use of motor-driven equipment for which sovereign
immunity was waived by section 101.021(1)(A)); 4 DG’s Corp., 853 S.W.2d at
857 (holding that fact question as to whether city employee’s failure to restart
sewage removal pumps after electrical power interruption was negligent “operation
and use” of pumps prevented summary judgment in favor of City on claim by
owner of sewage-damaged house); cf. White, 46 S.W.3d at 870 (holding that
damages allegedly resulting from removal of gas pump did not result from
operation or use of pump as necessary to invoke waiver of immunity); City of Tyler
v. Likes, 962 S.W.2d 489, 494, 497 (Tex. 1998) (holding that homeowner whose
property was damaged when city-owned drainage channel and culverts flooded
stated cause of action for damages for City’s alleged negligence in constructing
culverts prior to enactment of Tort Claims Act, but observing that “[t]he flood
damages to Likes’s home did not arise from the use of a motor vehicle or motor-driven equipment, however, so she cannot avail herself of the Act’s waiver of
immunity for property damages”); City of Alton, 145 S.W.3d at 679 (holding that
city did not waive immunity to suit for negligence in allegedly allowing water
supply to become contaminated by allowing sewer lines to be laid over water lines
where no evidence in record “would tend to show that the use or installation of the
pumps is in any way related to the cause of property damage alleged . . . (i.e., the
passive leakage of waste water into the surrounding substrate . . . .”)).



          Here, the homeowners presented competent summary judgment evidence,
inter alia, that a City Sewer Department crew blew out the line in the alley behind
appellants’ house through the use and operation of a truck and a high-pressure
cleaning machine; that the City had been having problems over the past few years
with sewage stoppage due to grease; and that the crew leader and the crew
technician in the City Sewer Department each knew of at least one instance in
which sewage had backed up into a house from shooting out the line because the
main line was full of grease, so that when the crew shot the line the sewage shot
into the house. Appellants argue that the City crew’s use of a high-pressure
cleaning machine to shoot out a line known to have had problems with grease
blockage caused the substantial property damage of which appellants complain. I
would hold that appellants raised a fact issue as to the City’s negligent operation of
motor-driven equipment, for which section 101.021 of the Tort Claims Act waives
immunity.
          I would sustain appellants’ point of error on the basis of the foregoing
evidence and authority, reverse the judgment of the trial court, and remand the case
for trial on the merits of appellants’ negligence claim.



 
Evelyn V. Keyes
Justice


Panel consists of Justices Taft, Keyes, and Hanks.

Justice Keyes, dissenting.