**Opinion issued October 13, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-16-00139-CV**

———————————

**CITY OF WEST COLUMBIA, TEXAS Appellant**

**V.**

**J. MARCELINO E. CORNEJO GARCIA, AND WIFE ERNESTINA RANGEL, AND THEIR CHILDREN, M.C., J.J.C, AND M.C., Appellees**

---

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Case No. 82509-CV**

---

**MEMORANDUM OPINION**

The City of West Columbia appeals the trial court's denial of its plea to the jurisdiction based on governmental immunity. Marcelino Cornejo Garcia, a construction worker, and his family sued the City of West Columbia after Cornejo suffered a serious illness or injury while working for Matula & Matula Construction,

Inc. (M&M) on a municipal water and sewer project. The City contends that Cornejo has not sufficiently alleged a waiver of governmental immunity under the Texas Tort Claims Act, and thus, that the trial court erred in denying its plea. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2015). We affirm in part and reverse in part.

## Background

M&M contracted with the City to provide construction work on a municipal water and sewer project. In late May 2015, Cornejo was working for M&M on the project when he felt a sharp pain in his arm. M&M's safety director drove Cornejo Garcia to an occupational health care facility. Cornejo's condition deteriorated rapidly. He was transported by medical helicopter to a hospital, where he remains paralyzed and in critical care.

Cornejo sued M&M and the City for intentional infliction of emotional distress, negligence, and for premises liability, alleging that exposure to toxic substances at the job site caused his illness. With respect to the City, the petition alleges that

- The City is jointly responsible for M&M's intentional conduct in exposing Cornejo to contaminated water at the job site and requiring him to work in the same toxic conditions that previously resulted in the death of another M&M employee.

- The City is jointly responsible for M&M's negligent failure to provide its employees with respirators and other safety equipment at the job site.

2

- Cornejo's injury resulted from the City's negligence in failing to operate its motor-driven pumps to remove the contaminated water from the ditch in which Cornejo was working.

- As premises owner, the City is liable for the dangerous conditions existing at the job site that resulted in Cornejo's illness.

The City filed a plea to jurisdiction claiming governmental immunity from suit and liability. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001-101.109 (West 2015). After hearing the parties' arguments, the trial court denied the plea.

## PLEA TO THE JURISDICTION

### I. Standard of Review

The City contends that the trial court erred in denying its plea to the jurisdiction because Cornejo has not alleged a claim that falls within the limited waiver of immunity provided under the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021–101.022. We review de novo the trial court's ruling on a plea to the jurisdiction, construing the allegations in the plaintiff's pleadings liberally in favor of jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004)). "When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend." *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

"[A] court deciding a plea to the jurisdiction . . . may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *Miranda*, 133 S. W.3d at 223. In this case, neither the City nor Cornejo proffered evidence on the jurisdictional issue. "Whether a determination of subject-matter jurisdiction can be made in a preliminary hearing or should await a fuller development of the merits of the case must be left largely to the trial court's sound exercise of discretion." *Blue*, 34 S.W.3d at 554.

## II.    Governmental Immunity

A court may not assume subject-matter jurisdiction over a suit against a municipality unless the suit fits within a valid statutory or constitutional waiver of governmental immunity. *Suarez v. City of Tex. City*, 465 S.W.3d 623, 631 (Tex. 2015); *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014). The Tort Claims Act provides a limited waiver of the immunity otherwise applicable to municipalities performing governmental functions.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a); *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006). The statutory waiver applies to suits for

---

[1]    The petition alleges that the City violated several subsections of section 101.0215(a), but "[t]he Tort Claims Act does not create a cause of action." *City of Tyler v. Likes*, 962 S.W.2d 489, 498 (Tex. 1997). It "merely waives sovereign immunity as a bar to a suit that would otherwise exist . . . against a private defendant . . . ." *Id.*

4

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of a governmental employee acting within the scope of his employment if such damage, injury, or death arises from the operation or use of a motor-driven vehicle or other motor-driven equipment;

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant; and

(3) damages based on certain premises-liability claims.

*See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.022(a); *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000); *see also City of Denton v. Paper*, 376 S.W.3d 762, 763–64 (Tex. 2012) (explaining that Act generally limits governmental unit's potential liability for premises-liability damages by classifying user of government real property as licensee rather than invitee except when premises claim involves special defect). The waiver of immunity applies only "to the extent of liability created by [the Act]." TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a). The immunity thus is intertwined with the merits of a claim under the Tort Claims Act. *Suarez*, 465 S.W.3d at 632.

## A.    Intentional torts

In his intentional infliction of emotional distress claim, Cornejo's live pleadings focus primarily on M&M's conduct, but include allegations against the City on the element of foreseeability. To the extent Cornejo alleges an intentional infliction of emotional distress claim and other intentional tort claims against the

5

City, they are barred as a matter of law. The Act does not waive immunity for any claims against a governmental unit arising out of an intentional tort. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2); *City of Watauga v. Gordon*, 434 S.W.3d 586, 587 (Tex. 2014). The trial court therefore erred in denying the City's plea to the jurisdiction on these claims.

## B.   Vicarious liability for negligence

Relying on the contractual relationship between the City and M&M for the project, Cornejo's pleadings impute liability to the City for M&M's failure to provide its employees with safety equipment through respondeat superior and agency theories.[2] An employer—whether private or governmental—may be held vicariously liable for actions of an independent contractor if the employer retains some control over the manner in which the contractor performs the work that causes the damage. *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 791 (Tex. 2006). The Act waives immunity from liability for certain conduct by governmental employees, but excludes from its definition of "employee" "an independent contractor . . . or a person who performs the tasks the details of which the governmental unit does not have the legal right to control." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(2).

---

[2]   In his response brief, Cornejo, for the first time, attempts to assert joint enterprise liability against the City. Because this theory does not appear in the pleadings and was not argued below, we do not address it here.

A party can prove right to control either with evidence of a contractual agreement that explicitly assigns a right to control, or with evidence of actual control over the manner in which the work was performed. *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 606 (Tex. 2002). Thus, the City's contract with M&M, which is not in the record, can support Cornejo's theories of liability only if it gives the City a right to control M&M's employees.

The City contends that Cornejo's negligent-activity claims against it are barred because the pleadings do not allege that the City exercised control over M&M's operations to the extent that the City's failure to provide safety equipment to M&M's employees constituted a failure to exercise reasonable care. Cornejo does not cite any contractual language or specifically allege that the City had any authority or control over M&M and its employees beyond that it would have with an ordinary independent contractor. *See Tex. A&M Univ. v. Bishop*, 156 S.W.3d 580, 584–85 (Tex. 2005); *City of Houston v. Ranjel*, 407 S.W.3d 880, 891–92 (Tex. App.— Houston [14th Dist.] 2013, no pet.). Construed in a light favorable to the pleader, however, Cornejo's allegations imply that it was the City's duty to furnish M&M's employees with the necessary safety equipment for the job and that it controlled the water pump; the City did not negate these allegations with evidence that it did not exercise control over the workers at the job site or proffer the portion of the construction contract defining the rights and obligations of the parties. *See Mission*

7

*Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012) (explaining that the party seeking dismissal "carries the burden to meet the summary judgment proof standard for its assertion that the trial court lacks jurisdiction"). Without such evidence, we cannot fault the trial court for exercising its discretion in denying the plea on this issue at this preliminary stage and thereby leaving open the opportunity to revisit it when the allegations and evidence addressing the nature of the City's contractual relationship with M&M are more fully developed. *See Blue*, 34 S.W.3d at 554.

## C. Negligent use of motorized equipment

The City also attacks Cornejo's allegation that the City failed to adequately maintain its motor-driven pumps so that they would have drained the allegedly toxic water from the job site and thereby prevented his exposure. The Act waives immunity for claims of damages caused by a City employee's "use of a motor-driven vehicle or motor-driven equipment . . . and the employee would be personally liable to the claimant under Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A). A stationary electric motor-driven pump used in operating a sanitary sewer system is "motor-driven equipment." *Tex. Natural Res. Conserv. Comm'n v. White*, 46 S.W.3d 864, 866, 869 (Tex. 2001) (citing holding in *4 DG's Corp. v. City of Lockney*, 853 S.W.2d 855, 857 (Tex. App.—Amarillo 1993, no writ), that motorized sewage pump was "motor driven equipment" under Act and

approving conclusion as "comport[ing] with the words' common-sense, plain-language meaning").

The City contends that Cornejo alleges merely non-use, and not a misuse of motor-driven equipment as required for a waiver of immunity under section 101.021(1)(A). An allegation of failure to use a pump equates to one of non-use, which does not meet the statutory "use" requirement. *White*, 46 S.W.3d at 879.

A photograph of an electric pump in standing water accompanies Cornejo's pleadings. The water close to the pump shows motion, although it is not entirely clear whether the motion was caused by the pump or the worker standing next to it. In his response to the City's plea, Cornejo claims that the photo shows the pump "in actual use on or about the date" of his injury. Construing Cornejo's allegations liberally in favor of jurisdiction, they satisfy section 101.021(1)(1)'s "use" requirement in that he contends that the City used the pump but that it was ineffective in removing the water. Absent evidence to conclusively establish non-use, the trial court did not err in denying the City's plea to the jurisdiction on this claim.

### D. Premises liability

For his premises-liability claim, Cornejo alleges that the City had control over the job site and that a dangerous condition existed on the premises. The pleadings do not allege a special defect, only a general premises defect, meaning that the City owed Cornejo only the duty owed by a private person to a licensee. TEX. CIV. PRAC.

& REM. CODE ANN. § 101.022(a). The landowner owes a duty not to "injure a licensee by willful, wanton, or grossly negligent conduct, and [to] use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not." *Tex. Dep't of Transp. v. Perches*, 388 S.W.3d 652, 656 (Tex. 2012); *State Dep't of Highs. & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992). For a licensee to recover on a premises-liability claim, the licensee must prove that: (1) a condition on the premises posed an unreasonable risk of harm; (2) the property possessor, namely, the party who owned, occupied, or assumed control over the premises, had actual knowledge of the condition; (3) the licensee did not have actual knowledge of the condition; and (4) the property possessor breached its duty of ordinary care by either failing to warn of the condition or failing to make the condition reasonably safe. *See Brown*, 80 S.W.3d at 554.

Cornejo's live petition does not allege that the City engaged in any willful, wanton, or grossly negligent conduct, and thus fails to affirmatively allege a valid waiver of immunity under Section 101.022. *Ryder Integrated Logistics, Inc.*, 453 S.W.3d at 927. As a result, the trial court erred in denying the City's plea to the jurisdiction on Cornejo's premises-liability claim.

10

## Conclusion

We hold that the trial court erred in denying the City's plea to jurisdiction on Cornejo's claims for intentional infliction of emotional distress and premises liability. We further hold that the trial court acted within its discretion in denying the City's plea to the jurisdiction as to Cornejo's negligence claims against the City based on theories of alleged vicarious liability or agency and on the City's alleged use of the motorized sewage pump. Accordingly, we reverse the order of the trial court, and we dismiss for lack of subject-matter jurisdiction Cornejo's claims for intentional infliction of emotional distress and premises liability against the City of West Columbia. We affirm the trial court's rulings on the remaining claims.


Jane Bland
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.